John J. Rhodes *vs.* Richard A. Walsh *et al.*

Argued by appellant submitted on brief by respondents July 9, 1894. Affirmed July 13, 1894.

No. 8793.

Opening default.

Order vacating judgment and granting leave to answer *held* not an abuse of discretion.

Appeal by plaintiff, John J. Rhodes, from an order of the District Court of Ramsey County, *Chas. E. Otis*, J., made February 8, 1894, vacating and setting aside a judgment and allowing the defendants to answer.

Defendants, Richard A. Walsh, P. B. Winston, H. B. Bjorge, James A. Boggs, Hiler H. Horton, and William Lockwood, were members of the House of Representatives; and defendants, Ignatius Donnelly, Frank L. Morse and William B. Dean, were members of the Senate of this state at the session commencing January 3, 1893. Defendant J. W. Wells was an assistant sergeant at arms of the House. It was currently charged that a combination had been formed among the dealers in coal in this state to advance and maintain prices to consumers, and that plaintiff, John J. Rhodes, was the organizer and had control of such combination, and that his account books, letters, papers and copy books would disclose the doings of the combination and its method and means of enhancing the cost of coal. The two Houses of the Legislature appointed

a joint committee consisting of the members above named to inves-
tigate the matter, with power to send for persons and papers and
to report what legislation if any should in the opinion of the com-
mittee be enacted in the premises. The committee organized and
subpœnaed the plaintiff to appear before it with his books and pa-
pers. He appeared but refused to produce his private books and
papers. The committee thereupon instructed the sergeant at arms
of the House to go to the office of plaintiff and take his books and
papers and bring them to the next meeting of the committee.
Thereupon the defendant Wells, as assistant sergeant at arms, on
March 13, 1893, broke and entered plaintiff's office and forcibly took
from him and carried to said committee his account books, letters,
papers and copy book, and they were examined and read by the
members of the joint committee and others.

Plaintiff brought this action to recover $50,000 damages for this
assault and the taking and detention of his books and papers. The
summons was served March 20, 1893. The defendants appeared
specially and moved the court to set aside the service on the ground
that their constitutional exemption from arrest during the session
of the Legislature prevented service on them of all civil process.
The trial court granted the motion, but on appeal the order was re-
versed December 21, 1893. *Rhodes* v. *Walsh*, 55 Minn. 542. The
mandate from this court went down January 2, 1894, and on the
next day plaintiff procured a reference to John L. Townly, and sub-
mitted his evidence and obtained a report and entered judgment
thereon against defendants for $3,500 and costs. Defendants moved
the court on January 11, 1894, to open the judgment, claiming they
were not in default, but had the right to answer. This motion was
denied, but without prejudice. The motion was renewed on the
ground of surprise, inadvertence and excusable neglect, and was
granted. From the order plaintiff appeals.

*C. D. & Thos. D. O'Brien,* for appellant.

The motion was addressed to the discretion of the court under
1878 G. S. ch. 66, § 125. The discretion which the court has is not
an arbitrary power. It is a sound legal judgment that is to be
exercised. It cannot be exercised in every case where a party has
made a mistake or has been surprised. And where the neglect con-

sists in failing to take a step which the law provides may be taken, it must be shown that the reason such step was not taken was because of some mistake of fact, accident or unexpected contingency. *Merritt* v. *Putnam*, 7 Minn. 493.

The moving papers give no answer to the following questions: What was the mistake they made? What surprised the defendants or their attorneys? To what circumstance were they inadvertent? If a mistake of law was made, what was the error? If a mistake of fact, what was such fact?

The defendants could have saved their right to answer. *Powers* v. *Braly*, 75 Cal. 237; *Mulhearn* v. *Press Pub. Co.*, 53 N. J. Law, 150; *County of Stearns* v. *Smith*, 25 Minn. 131.

In no single instance has a judgment been opened, no matter how soon the application has been made, where the party knew or should have known his rights in the premises, and where no accident or unfortunate and unexpected combination of events intervened to prevent his making his defense. *Semrow* v. *Semrow*, 23 Minn. 214; *Altmann* v. *Gabriel*, 28 Minn. 132; *Milliken* v. *Mannheimer*, 49 Minn. 521; *Roberts* v. *Chicago, St. P., M. & O. Ry. Co.*, 48 Minn. 521; *Foote* v. *Branch*, 42 Minn. 62.

The claim of defendants that they could answer as a matter of right, and the reiteration of that claim at the hearing of the first motion to vacate, shows that if any mistake was made it was a mistake of law for which there can be no relief. *Jones* v. *Leech*, 46 Ia. 187; *Brumbaugh* v. *Stockman*, 83 Ind. 583; *Barrows* v. *Fox*, 39 Minn. 61; *People's Ice Co.* v. *Schlenker*, 50 Minn. 1.

Even where a proper case is made for the court to hold that the neglect was excusable, still no relief will be granted unless it appears that a clear and good defense is alleged by the defendant. *Flanigan* v. *Sable*, 44 Minn. 417; *St. Paul & D. R. Co.* v. *Blackmar*, 44 Minn. 514; *Weymouth* v. *Gregg*, 40 Minn. 45; *McMurran* v. *Meek*, 47 Minn. 245; *St. Paul L. Co.* v. *Dayton*, 39 Minn. 315.

*H. W. Childs, John Day Smith,* and *Warner, Richardson & Lawrence,* for respondents.

The question involved in this appeal is whether or not the District Court of Ramsey County committed an abuse of discretion in vacat-

ing a judgment entered on default and permitting the defendants to answer. It is left to the trial judge in his wisdom to so regulate the practice as to permit all parties to be heard, and to secure to them their just rights. When the courts exercise this delicate and valuable power, which has been so universally confided to them, and without which a party is remediless, no matter what his equities, their decision will never be reversed upon appeal except on account of the most palpable abuse. *Myrick* v. *Pierce*, 5 Minn. 65; *Groh* v. *Bassett*, 7 Minn. 325; *Merritt* v. *Putnam*, 7 Minn. 493; *Barker* v. *Keith*, 11 Minn. 65; *Reagan* v. *Madden*, 17 Minn. 402; *Bridgman* v. *Dambly*, 41 Minn. 526; *City of Winona* v. *Minnesota Ry. Constr. Co.*, 29 Minn. 68.

The defendants answering deny that they broke into plaintiff's office, deny that the property taken was his, deny that they directed any one to take it or that they conspired to do so, and deny plaintiff's damages. What more meritorious answer could they make? *Sheldon* v. *Risedorph*, 23 Minn. 518; *Whereatt* v. *Ellis*, 70 Wis. 207; *Kilbourn* v. *Thompson*, 103 U. S. 168; *Willett* v. *Millman*, 61 Ia. 123; *Cleveland* v. *Burnham*, 55 Wis. 598.

An affidavit of merits was not absolutely necessary. The rules provide that such an application shall be accompanied by an affidavit of merits. But it is always within the discretion of the court to disregard its own rules. It creates them to regulate procedure, not for the purpose of doing injustice. When they prove unreasonable the court modifies or suspends them. *Sheldon* v. *Risedorph*, 23 Minn. 518; *Nye* v. *Swan*, 42 Minn. 243; *Gillette-Herzog Mfg. Co.* v. *Ashton*, 55 Minn. 75.

One answer is put in for all, and it shows a meritorious defense. The claim that each defendant ought to make an affidavit of merits, is unsupported either by reason or authority. *Rowland* v. *Coyne*, 55 Cal. 1; *Smith* v. *Bateman*, 79 Ill. 531.

GILFILLAN, C. J. The summons was served on all the defendants but Lockwood, March 20, 1893, and on him March 21st. On the 22d, Horton and Boggs procured an order to show cause, returnable on the 25th, why the service of the summons should not be set aside on the ground that when served they were members of the

legislature. April 7th an order was made setting it aside. April 8th the other defendants procured a similar order, returnable April 12th, and on that day an order was made setting aside the service as to all the defendants but Bjorge, Wells, and Scheffer, and these three thereupon answered. The plaintiff appealed to this court from the orders setting aside the services, and they were reversed. *Rhodes* v. *Walsh,* 55 Minn. 542, (57 N. W. 212.) The mandate from this court went down January 2, 1894, and thereupon both sides acted with commendable promptness. On the 2d plaintiff filed an affidavit of no answer, procured an order of reference, and submitted his proofs to the referee. On the 3d the referee's report was filed, and on the same day plaintiff caused judgment to be entered. On the same day defendants procured an order to show cause, returnable the 6th, why the judgment should not be vacated, and the defendants allowed to answer. The application seems to have been on the ground that the time to answer had not expired. On the 4th defendants served an answer. On the 11th their application to vacate the judgment and to be allowed to answer was denied without prejudice. On the 13th they renewed the application under 1878 G. S. ch. 66, § 125. The motion was heard on the 20th, and granted February 8th, and the answer accordingly served February 12th. From the order granting it this appeal is taken.

Such an application, being addressed to the sound discretion of the court below, the only question is, did it fairly exercise that discretion?

It is claimed that it did not—

First, because it was not shown the judgment was taken through defendants' mistake, inadvertence, or surprise, and the neglect to answer in time was not excused.

Second, because the answer proposed was insufficient.

Third, there was no sufficient affidavit of merits.

After the orders were made setting aside the service, and until the mandate of this court was sent down, the defendants could hardly be expected to answer. In what was done after the mandate was filed they were not chargeable with negligence.

As to Horton and Boggs, the time to answer did not expire before the service was set aside. As to the other defaulting defendants it expired pending their application to set aside the service.

The defendants might have procured an order extending the time to answer until after the final decision of the application to set aside. It was for the court below to determine whether they showed sufficient excuse for not doing so. The fact that before the time to answer expired that court had decided that civil process cannot be served on members of the legislature during its sessions; that there was a decision of the supreme court of Wisconsin, made at a time when the law of Wisconsin was the law here, and other respectable authorities in support of that position,—brought the case fairly within the discretion of the court, and made it a matter for it to conclusively determine.

The answer proposed makes a material issue upon the allegations of the complaint, to wit, as to the ownership of the property alleged to have been taken by defendants. It does not appear to be either sham or irrelevant, and the court might allow it to be interposed, so that any question of law upon it might be raised and disposed of in an orderly manner.

The answer was joint. The affidavit of merits was made by three of the defendants on behalf of all, each swearing that he is personally familiar with all the facts in the cause. It was for the court below to determine whether it was a compliance with the rules of that court.

Order affirmed.

COLLINS and BUCK, JJ., took no part.

(Opinion published 59 N. W. 1000.)