A. H. STREET v. TOWN OF ALDEN and Others.[1]

Aug. 6, 1895.

Nos. 9498--(243).

**Action to Set Aside Judgment Obtained by Fraud.**

Where a defeated party in judicial proceedings has been prevented from fully exhibiting his case by his adversary, as by keeping him away from court through a false promise of a compromise, or where a defendant never had knowledge of a suit, being kept in ignorance by the acts of the plaintiff, these and similar cases which show that there has never been a real contest in the trial or hearing are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair trial.

**Same—Verdict Vacating Highway.**

This rule is applicable in an action brought to set aside, vacate, and annul the verdict of a jury rendered on an appeal from an order of a town board of supervisors vacating and discontinuing a highway.

**Same—Who may Maintain.**

Such an action may be maintained by the owner of the land across which ran the vacated and discontinued highway, he having been one of the legal voters who petitioned for such vacating and discontinuing.

**Finding Sustained.**

There was sufficient evidence on the trial of this action to support the finding that a verdict on appeal was secured through fraud and collusion.

Action in the district court for Freeborn county by A. H. Street against the town of Alden, G. B. Mathwig and Peter V. Svendsen, to set aside a verdict rendered in justice court. The case was tried before Buckham, J., who ordered judgment in favor of plaintiff. From an order denying their motion to set aside the findings of fact and conclusions of law and for a new trial, defendants Mathwig and Svendsen appealed. Affirmed.

*W. E. Todd*, for appellants.

*Lovely & Edwards* and *Henry A. Morgan*, for respondent.

COLLINS, J. Plaintiff and other legal voters in due form petitioned the supervisors of defendant town to vacate and discontinue

[1] Reported in 64 N. W. 157.

a highway which ran diagonally through plaintiff's farm. On the hearing of the petition, two of the town supervisors voted in favor of granting the same, while the third supervisor, defendant Mathwig, opposed and voted against such action. The petition was granted, and an order duly made and filed with the town clerk vacating and discontinuing the highway. The regularity of the proceeding stands unquestioned. Within the time fixed by law (G. S. 1894, § 1857) defendant Svendsen, who lived upon and owned a quarter section of land cornering on plaintiff's farm, filed a notice of appeal from the order with a justice of the peace residing in another town, and caused a summons to be issued, which was served upon Mathwig only four days before the day set for the hearing or trial. No service was made on either of the supervisors who voted in favor of granting the petition, nor were they informed of such proceeding. On the day fixed for the hearing, Mathwig appeared for the town, and waived the defective or insufficient service of the summons. He produced no witnesses and offered no evidence in behalf of the town, and on the testimony of appellant's witnesses the jury returned a verdict reversing the order appealed from, which verdict was afterwards filed as required by law with the town clerk.

This action was brought to invoke the equitable powers of the court to set aside, vacate, and annul the verdict of the jury as rendered and returned in the justice's court, and as filed with the town clerk, upon the ground that the same was surreptitiously and fraudulently obtained through the alleged collusion and conspiracy of defendants Mathwig and Svendsen. The court below, upon findings of fact, ordered judgment as demanded, and also that the order of the supervisors be reinstated and declared of full force and effect.

1. We have no doubt that the plaintiff had such an interest in the subject-matter of the supervisors' order as would enable him to maintain this action, and that the remedy sought is a proper one. The plaintiff, a signer of the petition, and the owner of the land upon which was the vacated and discontinued highway, was directly and materially affected by the verdict which reversed and set aside the supervisors' order. If the prayer of the petitioners had been refused, he could, as an aggrieved party, have appealed to a jury, and his rights did not end when, through fraud and deception, the order

granting the prayer was reversed and annulled. It is well settled, in proceedings strictly judicial, that where a defeated party has been prevented from fully exhibiting his case, by fraud or deception practiced upon him by his adversary, as by keeping him away from court through a false promise of a compromise, or where a defendant never had knowledge of a suit, being kept in ignorance by the acts of the plaintiff, these and similar cases, which show that there has never been a real contest on the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair trial or hearing. 1 Herman, Estop. § 397, and citations. See, also, Marine Ins. Co. v. Hodgson, 7 Cranch, 332. And this rule is applicable to the proceedings now before us.

2. There was sufficient evidence to support the findings of the court below as to collusion and conspiracy through which the verdict on appeal was secured, although largely circumstantial. No one would expect direct and positive evidence of the alleged fraudulent practices. To be sure, there was a formal compliance with the statute as to the service of the summons, for a service upon one supervisor only is required, but the fact that it was served upon the only member of the board who had strenuously opposed the vacation and discontinuance of the highway is suggestive, when we consider the other facts and circumstances. The appeal was brought before a justice in another town. Mathwig not only failed to notify a single one of the petitioners that an appeal had been taken, but he neglected to advise either of his associates on the board of supervisors. Without authority for so doing, he appeared and answered for the town on the day of hearing, and his next act was to waive an insufficient and defective service of the summons. He had no witnesses, and offered no evidence in support of the action of the board of which he was a member, permitting the case to go by default when good faith and official honesty required more than this of him. To conclude, it is quite evident from all of the circumstances that he was somewhat active in assisting Svendsen to secure a reversal of the order by which the highway had been vacated and discontinued.

Order affirmed.