ALEXANDER FORIN v. CITY OF DULUTH.[1]

October 16, 1896.

Nos. 9999—(19).[2]

**Judgment by Default—Opening—Sufficiency of Affidavit and Answer.**

*Held*, following Sheldon v. Risedorph, 23 Minn. 518, that an order opening a default and granting leave to answer will not be reversed solely because of the insufficiency of the affidavit of merits or of the answer, unless the answer is so bad that it could be struck out on motion.

**Same—Discretion of Court.**

*Held*, that the trial court did not abuse its discretion in opening the default and permitting the defendant to answer herein.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., vacating a judgment in favor of plaintiff. Affirmed.

*Teare & Middlecoff*, for appellant.
*Ellsworth Benham* and *J. D. Holmes*, for respondent.

START, C. J. Action to recover $600 and interest for the plaintiff's services as health officer of the village of West Duluth. The summons was served on the mayor of the defendant city by the attorneys of the plaintiff on February 4, 1896, as appears from the affidavit of service, and in the forenoon of February 26 judgment was entered by default for the full amount claimed. The next day the defendant obtained from the trial court an order, returnable February 29, for the plaintiff to show cause why the judgment should not be vacated, and the defendant permitted to answer. The

---

matter was heard on the return day of the order. The court found that the judgment was entered by default through the excusable neglect, mistake, and inadvertence of the defendant, and accordingly made its order on the day of the hearing vacating the judgment and permitting the defendant to answer on that day, and further directed the case to be placed on the calendar without further notice for the then next general term of the court. The defendant appealed from such order.

The plaintiff claims that the court abused its discretion in making its order, because there was no proper affidavit of merits, the proposed answer did not state a defense, and the defendant's default did not occur by reason of its excusable neglect, mistake, or inadvertence.

On a motion to set aside a default and for leave to answer, unless the proposed answer shows merits and is verified on personal knowledge, there must be an affidavit of merits by the party or some one having personal knowledge of the facts. People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219. Where the defendant is, as in this case, a municipal corporation, the affidavit of merits cannot be made by the defendant. It must be made on its behalf by some officer or agent, and the head of its legal department is presumptively a proper person to make such affidavit.

The affidavit in this case was made by Mr. Cant, the then city attorney, who was by law charged with the duty of appearing and conducting all suits in which the defendant city was a party. So much of his affidavit as relates to the merits of the defense is in these words:

"That he has fully and fairly examined into and considered the facts and evidence in said case, and that, as affiant verily believes, said defendant has a good and substantial defense on the merits thereto, and that a copy of a proposed answer on behalf of said defendant, setting forth such defense, is hereto attached, and that the application in support of which this affidavit is made is not made for delay."

This affidavit is informal in not stating that he has personal knowledge of the facts, or the source of his knowledge of the facts and evidence upon which is based his belief (opinion) that the defendant has a meritorious defense. If the defendant was an indi-

vidual, the affidavit, standing alone, would not be sufficient; but, the defendant being a city, and having no knowledge of the facts except through its officers, the affidavit, taken in connection with the answer, is sufficient. The answer states a defense, for, without here deciding whether it shows that the plaintiff was duly removed as a member of the board of health, it does, by its denials, put in issue the length of time the plaintiff served as such member and the amount of the monthly salary he was entitled to receive as such officer.

But, in any view of the affidavit of merits and answer, this case falls within the rule that an order opening a default and granting leave to answer will not be reversed solely because of the insufficiency of the affidavit of merits or of the answer, unless the answer is so bad that it could be struck out on motion. Sheldon v. Risedorph, 23 Minn. 518. The granting or refusing of an application to set aside a default and for leave to answer is in the discretion of the trial court, and this court will not interfere with the exercise of such discretion except in cases of its clear abuse. The discretion to be exercised in such a case is not a capricious or arbitrary one, but a reasonable and legal discretion.

The affidavit of the city attorney upon which his application to open the default was based is to the effect that the summons was delivered to him in the usual course of official business by the mayor, who informed him that it was served on February 5; and that he, the city attorney, through mistake, noted the time for making answer in the case as February 26, and during all the time thereafter, and until February 26, he believed that the time for answering expired on that day. It appears from the moving papers and the order made by the court that it was the bona fide intention of the city to answer, that it failed to do so solely by reason of the mistake of the officer in charge of its legal department in entering the wrong date as the last day for answering, that it applied promptly to be relieved from its default, and that such terms were imposed by the court that the plaintiff did not lose a term by the opening of the default, and that substantial justice has been done. The trial court did not abuse its discretion in opening the default and permitting the defendant to answer.

Order affirmed.