J. ROYALL McMURRAN v. W. B. BOURNE.[1]

December 10, 1900.

Nos. 12,451—(91).

**Opening Default Judgment.**

Upon an application to the district court to set aside a default judgment rendered more than seven years before, but within less than one year after, notice to the judgment debtor, under G. S. 1894, § 5267, *held*:

**Affidavit of Merits.**

1. That neither the formal affidavit of merits provided for in the rules of the district court, nor the tender of a proposed answer, is indispensable, when the court does not require the same as a prerequisite to such relief, and when facts authorizing the exercise of the court's discretion are made to appear by the affidavit of the moving party.

**Good Defense—No Abuse of Discretion.**

2. From the affidavit of defendant upon which the trial court acted in this case, it appears that he has a good defense to plaintiff's claims, and that defendant's delays were explained and excused to such an extent that it was not an abuse of discretion to set aside the judgment and permit an answer to be interposed in the action.

Action in the district court for Ramsey county to recover $725, and interest, on two promissory notes. Judgment was entered on default in favor of plaintiff for $948.97. The judgment was subsequently assigned to Lewis E. Jones. From an order, Kelly, J., opening the judgment and permitting defendant to serve an answer, the assignee of the judgment appealed. Affirmed.

*S. C. Olmstead*, for appellant.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

LOVELY, J.

Appeal from an order opening a default judgment upon a complaint to recover on two promissory notes.

Summons was served on defendant by the attorney of plaintiff, who has since become, by purchase, the owner of the judgment. Defendant claims that he was misled by a promise of plaintiff's attorney at the time of serving the summons, to the effect that nothing

[1] Reported in 84 N. W. 338.

would be done without further notice, and relying thereon, he paid no further attention to the matter for a period of seven years and six months, when he first learned of the judgment against him. He at once called upon his attorney, who was absent from home. Upon the return of his attorney to St. Paul, a month later, he obtained from the district court an order to show cause why he should not be relieved from his default, upon an affidavit stating at length facts excusing his delays, and setting forth his defense to both causes of action. The defendant was permitted to interpose counter affidavits, to which the plaintiff more specifically replied by one in rebuttal. No formal answer to the complaint was interposed in connection with such affidavits, but defendant, in his affidavit, declared his purpose to defend upon the grounds stated therein, and also affirmed that he had fully and completely stated the facts in relation to plaintiff's causes of action and his defense thereto to his attorney, and was advised by him that he had a full and complete defense to the same, and every part thereof,—without, however, specifically averring that he believed such advice, as required by district court rule 19. The trial court considered all the affidavits presented at the hearing, and ordered that the judgment be opened, but on condition that it continue a lien upon real property which had been levied upon under execution, and that defendant pay all costs, besides $20 attorney's fees, and that within ten days thereafter he serve his answer, from which order plaintiff appeals.

The application to open the judgment was made under the statute (G. S. 1894, § 5267), and it follows that the question we must determine is whether the trial court exceeded the bounds of judicial discretion in the order appealed from, which is the only limitation upon the rule authorizing such relief in this court. Reagan v. Madden, 17 Minn. 378 (402); Milwaukee Harvester Co. v. Schroeder, 72 Minn. 393, 75 N. W. 606; Hull v. Chapel, 77 Minn. 159, 79 N. W. 669. The affidavit of merits was not in strict compliance with the rule referred to, and no answer was proposed, according to the usual and proper practice, which should be followed in such cases; and, had the court held that such formal affidavit and proposed answer were essential, we should not have interfered. But the rule

requiring a formal affidavit of merits might be disregarded by the authority which had adopted it; and in view of the fact that a full, though somewhat involved, statement of the defensive facts was set forth in the affidavit of the moving party, upon which the court exercised its discretion, we cannot, as a matter of law, hold that such affidavit of merits or a proposed answer was indispensable, or that the court abused its discretion, for the reason that their equivalent in the affidavit of defendant setting forth all the facts of his defense to plaintiff's claims was substituted, and that the facts so stated in such affidavit are such as, if established on a proper answer, would have entitled him to a verdict. While plaintiff does not recognize the merits of the defense to the first cause of action set forth in this affidavit, we are compelled to differ from him in that respect.

The main difficulty in sustaining the order of the court below rests upon the defendant's delay of seven and one-half years from the entry of the judgment before making the application to open the default. Defendant insists that he had no notice of the judgment until a month before the order to show cause was obtained, and while this enables him, within the strict letter of the statute, to ask for the relief sought, yet such laches, without a satisfactory excuse, would not call for the exercise of the discretion of the court; but the defendant sets forth, in substance, that: An intimate and friendly relation existed between himself and the plaintiff at the time the suit was commenced, and continued for several years. Thereafter the summons was served upon defendant by plaintiff's attorney, who was also intimate with both plaintiff and defendant. At the time when the summons was served, the defendant stated fully the facts and circumstances which he then, as now, claims relieved him from any liability, to the attorney of the plaintiff, and was told by him "to pay no further attention to said action, and that no steps would be taken therein without seasonably notifying him," which statement he relied upon, but the judgment was in fact entered notwithstanding such assurance, and for several years, during the continuing of such intimacy, no mention of the judgment was ever made by the attorney or plaintiff nor effort taken to collect the same, and defendant first derived knowledge of its existence

after it had been assigned to the same person who served the summons upon him, and had misled him by the assurance referred to. That, under the circumstances, this assurance, as between these parties, might have misled the defendant, cannot be doubted.

"It is well settled, in proceedings strictly judicial, that where a defeated party has been prevented from fully exhibiting his case, by fraud or deception practiced upon him by his adversary, as by keeping him away from court through a false promise  *  *  *  a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair trial or hearing." Street v. Town of Alden, 62 Minn. 160, 64 N. W. 157.

Reasons that would warrant a court, on a trial, in setting aside a judgment, might also reasonably influence a court in opening a judgment for a hearing, under the authority given by the statute referred to; and while the laches of the defendant, unexplained, would defeat his motion, yet those very delays, accepting his affidavit as true, were caused by false promises, and a course of action afterwards that lulled him into security, that explains his delay. Hull v. Chapel, supra.

Defendant urges with much force and ability the effect of the plaintiff's counter affidavits and the affidavit of defendant in rebuttal. It seems that the court below considered these affidavits, although not bound to do so. Ordinarily a court upon such a hearing should not try the issuable facts in the case upon a motion to open the judgment upon affidavits. A reasonable prima facie showing as to the nature of the defense is sufficient to justify the exercise of the discretion of the court, and the court ought not to go into a trial of a cause upon a species of evidence that is wholly insufficient to produce conviction of truth on a disputed issue of fact, and in which the parties are deprived of the correct application of the rules of evidence. While the question of diligence may be thus met by counter affidavits, yet the merits of the cause ought not to be decided by resort to an adverse showing by affidavits on such a motion. Lathrop v. O'Brien, 47 Minn. 428, 50 N. W. 530; Freeman, Judg. § 109, and cases cited. But the consideration of such affidavits in this case was not prejudicial to the defendant, and the plaintiff, who introduced the same, has no right to complain.

It is our view that, after the defendant received notice of the existence of the judgment, his excuse for the delay of a month, and his activity in the proceedings as soon as his counsel returned home, may have justified the court's discretion in holding that sufficient diligence had been shown after he had actual notice of the judgment. It appears, also, that the parties to the transaction are living, and that all material evidence upon the issues is procurable. The court seems to have considered the rights of the plaintiff, to the extent of retaining the lien of his judgment under the execution levied; and while, upon the whole showing, the right to the relief sought is very close, and we would have been well satisfied with its refusal, yet we cannot say, in view of the circumstances set forth above, that the court below abused its discretion in granting such relief.

The order of the district court is affirmed.