CRANE & ORDWAY COMPANY v. WILLIAM SAUNTRY.[1]

October 23, 1903.

Nos. 13,438—(35).

**Vacating Judgment—Affidavit.**

As a general rule, in applications to vacate a judgment by default an affidavit of merits is essential. But where it fairly appears from the records and papers upon which the motion is based that the moving party has a good cause of action or defense on the merits, the necessity for such an affidavit is a question for the trial court.

**Discretion of Court.**

The trial court did not abuse its discretion in setting aside a judgment of dismissal taken on plaintiff's default.

Appeal by defendant from an order of the municipal court of Stillwater, Doe, J. Affirmed.

*Manwaring & Sullivan,* for appellant.

*H. H. Gillen,* for respondents.

START, C. J.

This is an appeal by the defendant from an order of the municipal court of Stillwater granting plaintiff's motion to set aside a judgment

---

[1] Reported in 96 N. W. 794.

of dismissal of the action taken by default and to reinstate the action for trial.

The order was based upon the records and files in the action and the affidavit of the plaintiff's attorney, which was uncontradicted. There was no formal affidavit of merits. The motion was one addressed to the discretion of the trial court, and its decision thereon will not be reversed, unless it appears from the record that there was a clear abuse of such discretion. This proposition the defendant concedes, but he here claims that the court did abuse its discretion in making the order, because there was no affidavit of merits; and, further, that the affidavit of the plaintiff's attorney conclusively shows that he was guilty of inexcusable neglect in the premises, which resulted in his client's default.

The general rule is that in applications to vacate a judgment on default an affidavit of merits is essential. People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219. The rule, however, is one of practice, and the sufficiency of an affidavit of merits, or the necessity for one, where it fairly appears from the records and papers upon which the motion is based that the moving party has a good cause of action or defense on the merits, is a question for the trial court. Sheldon v. Risedorph, 23 Minn. 518; Nye v. Swan, 42 Minn. 243, 44 N. W. 9; Gillette-Herzog Mnfg. Co. v. Ashton, 55 Minn. 75, 56 N. W. 576; Rhodes v. Walsh, 58 Minn. 196, 59 N. W. 1000; Forin v. City of Duluth, 66 Minn. 54, 68 N. W. 515; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338.

The complaint alleges the sale and delivery of certain goods by plaintiff to the defendant. The answer admits the sale and delivery, but alleges that the goods were defective, and claims damages by way of counterclaim. The defendant, however, upon plaintiff's default, made no proof of his counterclaim, but took a simple judgment of dismissal. These facts justify the conclusion that the trial court did not err in dispensing with a formal affidavit of merits.

The facts relied upon to excuse the plaintiff's default do not appeal to us very strongly, and the trial court might well have denied the motion upon the merits. If there were any negligence in the premises, it was solely that of the plaintiff's attorney, and the facts relied upon to excuse the default are substantially these: In February, 1902,

the plaintiff's attorney was elected a delegate to a convention of Foresters to be held in California on April 29. He commenced this action on March 24. On April 3 the defendant's attorney served an answer in the case. Counsel on both sides then knew that plaintiff's attorney intended to be present at the convention, and defendant's counsel, in response to the question of plaintiff's counsel as to when he wanted to try the case, replied, "I think we are ready whenever you are." The plaintiff's counsel then said that he would serve a reply and notice of trial as soon as he got around to it, and the other counsel answered, "All right, we will be there." Counsel for plaintiff, assuming and believing that no notice of trial would be served by defendant's counsel during his absence, went to California on April 21, and returned on May 12. Meantime defendant's counsel served notice of trial of the case by leaving it at the residence of plaintiff's counsel, and took judgment of dismissal by default. Neither the plaintiff nor its counsel had any actual notice of the trial or judgment until after May 12. The defendant's counsel, in response to an inquiry why he had taken the default in the absence of plaintiff's counsel, responded, "Because you dismissed our motion in the Starkey case." The trial court required the plaintiff to pay all of defendant's disbursements in the action as a condition of opening the default.

It is not here claimed that the defendant was in fact injured by the order. It must also be conceded that the plaintiff might have commenced his action again without any special burden of cost. Upon these facts it would seem that the plaintiff's counsel was lacking somewhat in caution, and that in the exercise of reasonable prudence he ought to have secured a definite agreement as to the noticing of the case for trial before leaving the state. But upon the whole record we are not prepared to hold that the trial court abused its discretion in making the order.

The order must be affirmed, but no statutory costs will be allowed. So ordered.