THOMAS TRAINOR v. DAVID MATUREN.[1]

February 1, 1907.

Nos. 14,992—(155).

**New Trial.**

This cause was tried and a verdict directed against the defendant in his absence. This is an appeal from an order granting him a new trial on the ground that he was prevented from being present at the trial by reason of excusable neglect and surprise. *Held*, that the trial court did not abuse its discretion.

Action in the district court for Itasca county to recover $124 for board and lodging furnished defendant. The case was tried before McClenahan, J., who directed a verdict in favor of plaintiff. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*Alfred L. Thwing,* for appellant.
*Chester L. Pratt,* for respondent.

START, C. J.

This action was brought in the district court of the county of Itasca to recover a balance of $124 and interest for board and lodging furnished by the plaintiff to the defendant and his employees. The cause was at issue and was reached in its order and tried by a jury on Thursday, June 7, 1906. The plaintiff was the only witness who testified in the case, and a verdict was directed for him for the amount claimed. The defendant was not present, but was represented by his attorney of record. The defendant appeared in court Saturday morning, June 9, 1906, and then learned for the first time that the case had been tried. Judgment was entered on the verdict June 11, 1906, and

[1] Reported in 110 N. W. 370.

on the next day the defendant gave notice of a motion to set aside the judgment and for a new trial on the ground of excusable neglect and surprise.  On the hearing of the motion the plaintiff stipulated that the defendant should not be prejudiced by the fact that judgment had been entered before the notice of the motion was served.  The court made its order granting the motion for a new trial and directing that the judgment stand as security for any sum the plaintiff might ultimately establish against the defendant.  The plaintiff appealed from the order.

The motion was addressed to the discretion of the trial judge, and was based upon the records in the action and the defendant's affidavit. The plaintiff submitted the motion on his part upon the moving papers, without any counter affidavits or other evidence.  The question, then, is whether the moving papers and records, including the defendant's personally verified answer, were sufficient to furnish a fair basis for the exercise of judicial discretion in relieving the defendant from the consequences of his default.  His affidavit is to the effect that he lived fourteen miles from a railroad and fifty miles from Grand Rapids, the place of trial; that his attorney had advised him that he would let him "know in plenty of time" to allow him to reach court for the trial of the action; that he relied upon his attorney and was ready to go to Grand Rapids whenever he should hear from him; that his attorney made and mailed at Grand Rapids on May 30, 1906, a letter to him which was as follows:

> It is almost impossible to tell when the Trainor case is coming up for trial, but it looks now as if it might come up the middle of next week or so.  There will be civil jury cases the first week, then criminal cases, then the civil jury cases will be finished.  My best judgment is that your case will come up about Thursday, the 10th.  I will write again if I can find out anything more definite.  Of course, I want you here, although I would make an attempt without you.  I will look for you, then, the latter part of next week

—That he received this letter in time to be present at the trial of the cause when it was in fact tried, but he believed from the letter that the case would certainly not come on for trial until the tenth of the

month, and that he did not consult a calendar to see that the tenth was Sunday; that he has always been ready and anxious to try the case, and believes that he has a good defense thereto, or to a large portion of the plaintiff's claim; that if he had been so advised he could have been present in court after Wednesday morning, but he relied upon the letter that he would be in time if he were there the last of the week, as he was; and, further, that he was misled by the letter, for, if he had not received such a letter, nor any letter, he would have been present on the first day of the term.

The plaintiff insists that the motion should have been denied for the reason that there was no affidavit of merits. As a general rule in motions of this kind, an affidavit of merits is essential; but, where it fairly appears from the records and papers upon which the motion is based, that the party has a good cause of action or defense on the merits, the necessity for such affidavit is a question for the trial court. Forin v. City of Duluth, 66 Minn. 54, 68 N. W. 515; Crane & Ordway Co. v. Sauntry, 90 Minn. 301, 96 N. W. 794. The answer was verified by the defendant and tendered a defense on the merits, and the trial court in its discretion could dispense with an affidavit of merits.

The further objection is made that the defendant's affidavit does not show that he was a material witness in the case; but he was the sole defendant, and the issues made by the pleadings and the fact that no witnesses were called on his behalf suggest the necessity for his presence at the trial, unless the case was to go against him by default, as it practically did.

The last objection urged by the plaintiff is that the facts stated in the defendant's affidavit do not show any excusable neglect or surprise sufficient to excuse his default. If the trial court had denied the motion for the reasons urged by the plaintiff, it is clear that it would not have been an abuse of discretion. Desnoyer v. McDonald, 4 Minn. 402 (515). We are not, however, in as good a position to judge of the good or bad faith of the defendant in making the motion, or to determine whether he was honestly misled, as was the learned trial court. Judged by the record before us, the showing made by the defendant is not entirely satisfactory; but we cannot say that the granting of his motion was an abuse of discretion.

Order affirmed.