# JERRY F. CLIFFORD v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 24, 1912.

Nos. 17,600—(110).

**Affidavit of merits — waiver.**

The rule requiring an affidavit of merits is one of practice which the trial court may waive upon motions addressed to its discretion.

**Vacating default judgment — abuse of discretion.**

The trial court did not abuse its discretion in granting defendant's motion, upon condition, to set aside the findings of fact and order for judgment made upon its default and to reinstate the cause for trial.

Action in the district court for Big Stone county against defendant as a common carrier. The answer denied negligence on the part of defendant. The case was tried (defendant not appearing) before Flaherty, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff for $800. Defendant moved to set aside the findings and order for judgment, and to vacate the judgment. From an order granting the motion and reinstating the case upon the calendar for trial at the next general term of court, provided defendant paid $50 to plaintiff within fifteen days after filing the order, plaintiff appealed. Affirmed.

*F. W. Murphy* and *M. S. Stevens,* for appellant.

*J. D. Sullivan* and *M. L. Countryman,* for respondent.

START, C. J.

Appeal by plaintiff from an order of the district court of the county of Big Stone setting aside findings of fact and order for judgment in his favor; there being no appearance at the trial for the defendant. The action was one to recover damages for injuries to the plaintiff's stallion by reason of defendant's alleged negligence in transporting him over its railway line. The answer was a general denial.

[1] Reported in 136 N. W. 260.

The case was on the calendar for trial at the October, 1911, term of the court, and on October 12 it was reached in its order and tried by the court, a jury trial having been waived by the plaintiff, no one appearing for the defendant. Findings of fact were made in favor of the plaintiff and judgment ordered for him for $800. The attorney who was to try the case for the defendant, who had been trying a case in Minneapolis, did not reach Ortonville, the place where the court was held, until the night of October 12, and upon going to the courthouse the next morning he learned that the court had adjourned for lack of business, and that the case had been tried the evening before and judgment ordered for the plaintiff. Thereupon the defendant made a motion to set aside the findings and order for judgment and reinstate the case for trial. The court made its order granting the motion upon the condition that the defendant pay plaintiff or his attorney $50 as costs.

The first contention of the appellant is that there was no sufficient affidavit of merits. The affidavit was made by the attorney of record who had complete control of the case for the defendant and its preparation for trial, and it fairly appears from the record that he was the proper person to make it, for of necessity it could only be made by some attorney, officer, or agent of the defendant corporation. Forin v. City of Duluth, 66 Minn. 54, 68 N. W. 515.

It is further contended that the affidavit of merits is in substance insufficient. If such were the case, it would afford no sufficient reason for reversing the order, for the rule requiring an affidavit of merits is one of practice which the trial court may waive upon motions addressed to its discretion. Sheldon v. Risedorph, 23 Minn. 518; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338; Crane & Ordway Co. v. Sauntry, 90 Minn. 301, 96 N. W. 794; Trainor v. Maturen, 100 Minn. 127, 110 N. W. 370; Fink v. Woods, 102 Minn. 374, 376, 113 N. W. 909.

It is also urged that upon the merits of the case it was an abuse of discretion on the part of the trial court to grant the motion, for the reason that there was no showing that the failure of the defendant's attorney to be present when the cause was tried was due to any mistake, inadvertence, or excusable neglect.

The moving papers tended to show that the attorney who had charge of the trial of the case for the defendant was advised that the case would not be reached for trial before the morning of October 13, and that, relying in good faith thereon, he was misled and failed to reach the place of trial until after the case had been reached and tried. On the other hand, there were affidavits showing that it was agreed, between the plaintiff's attorney and the attorney who represented the defendant on the call of the calendar on the first day of the term, that the case should not be brought on for trial before the morning of October 12, of which the defendant's legal department was duly advised.

We are of the opinion, based upon a consideration of the whole record, that the defendant did not make a strong case for relief, nevertheless there was no abuse of discretion by the trial court in granting the relief upon the condition imposed.

Order affirmed.