## ARTHUR W. SELOVER AND OTHERS v. STRECKFUS STEAMBOAT LINE.[1]

### May 11, 1917.

### Nos. 20,251—(89).

**Judgment — vacating default.**

    1. That an attorney at law assumed, on account of the similarity of the heading of the summons and complaint, that his client's case was in the same court in which counsel had other cases, will not excuse a default, the summons and complaint being in his possession.

**Same — affidavit of merits required.**

    2. An affidavit of merits is essential upon an application to vacate a default judgment and for leave to answer.

Action in the district court for Hennepin county to recover $500 for professional services and disbursements. Judgment upon default was entered. From an order, Jelley, J., setting aside the default of defendant and allowing it to file an answer to the complaint, plaintiffs appealed. Reversed.

*Eugene S. Bibb* and *J. A. Mansfield,* for appellants.
*H. C. Mead* and *Clyde R. White,* for respondent.

QUINN, J.

This is an appeal from an order vacating a judgment and permitting defendant to answer. The sole question is whether in granting such

[1]Reported in 162 N. W. 518.

relief the court abused its discretion. It is well settled that the discretion of the trial court in the matter of relieving parties from defaults will not be interfered with, unless there has been a clear abuse of that discretion. A citation of authorities is unnecessary. Yet we are forced to the conclusion in the instant case that the relief should not have been granted.

The summons and complaint were served upon defendant in the city of St. Paul, September 9, 1916. Judgment was entered September 30, the motion to set aside the judgment and for leave to answer was made November 1 and heard November 13.

Defendant is a foreign corporation engaged in operating a line of boats on the Mississippi, carrying passengers and freight between St. Louis and St. Paul. In May, 1916, the plaintiffs, as practicing lawyers, brought an action for a client, Mrs. White, against defendant in the Federal court at Minneapolis, to recover for personal injuries claimed to have been sustained while a passenger on one of defendant's boats. To defend this action the defendant engaged a law firm of St. Paul and H. C. Mead, of St. Louis. After issue was joined therein, and without the knowledge of plaintiffs' attorneys, or the defendant's attorneys in St. Paul, defendant through its attorney, Mr. Mead, met the plaintiff in St. Paul and settled the cause of action with her.

The present action was then brought by plaintiffs to recover from defendant attorneys' fees in that action, for which they claim the defendant, under the circumstances, was liable.

It appears from the affidavit of Mr. Mead that at the time of receiving the summons and complaint in that action, he was engaged in the trial of a damage suit at Hannibal, Missouri, in the United States district court, in which court he had other cases, and that because the summons and complaint in the present action had much the same heading and title as his other cases, he assumed that it was in the same court. On September 27, Mr. Mead mailed a demurrer to the complaint in the present action to the clerk of the United State district court at Minneapolis. The clerk immediately returned the same with a notation thereon that there was no such case pending in that court. After receiving such notice, and apparently without reading the summons and complaint,

counsel mailed a demurrer to the clerks of the United States district court both at St. Paul and Minneapolis, with instructions that the same be filed if any such action was there pending.. The time for answering had expired. Defendant's proposed answer contains a general denial and an allegation that plaintiffs had no right or authority to bring the case for Mrs. White in the Federal court, though the complaint therein was signed and verified by her personally. No affidavit of merits was presented upon the motion, and the answer is signed only by attorney Mead, who is a resident of Missouri and not entitled to practice in this state. We are unable to discover any excuse whatever for defendant's default, nor was any proper affidavit of merits filed, which, as a general rule, is necessary in applications of this character. People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219.

Order reversed.