DELIA GRADY v. MAURICE L. ROTHSCHILD AND COMPANY.[1]

January 30, 1920.

No. 21,673.

**Vacating default — affidavit of merits.**
> There is no statutory requirement of an affidavit of merits on application by a defendant for relief from default and for leave to answer. The rules of the district court require an affidavit of merits in such a case, but the court may waive this requirement, if it fairly appears from the record that the defendant has a good defense on the merits.

Action in the district court for Ramsey county. The facts are stated in the first paragraph of the opinion. From an order, Michael, J., setting aside defendant's default and permitting it to answer forthwith on condition that it pay plaintiff the sum of $10 costs, and from another order denying plaintiff's motion to set aside the former order, vacating defendant's default and permitting defendant to answer and imposing on defendant as a condition to the denial of such motion the payment of the further sum of $10, plaintiff appealed. Affirmed.

*Edgerton & Dohs* and *R. H. De Lambert,* for appellant.

*Kerr, Fowler, Schmitt & Furber* and *Clay W. Johnson,* for respondent.

HALLAM, J.

This action is brought to recover $10,382 for personal injury alleged to have been caused by defendant's negligence. The complaint was served June 20, 1919. An answer, said to have been unverified, was served July 16, 1919, six days late. Plaintiff refused to receive it. Defendant made application to be relieved from the default, presented an answer verified by the secretary of defendant corporation to the effect "that the same is true, except as to matters stated therein on information and belief, and as to such matters he believes them to be true," together with an affidavit of defendant's attorney, attempting to excuse the default, and alleging "that upon the facts as related to affiant he believes that the defendant has a good and meritorious defense to the claims of plaintiff, and that

[1]Reported in 176 N. W. 153.

the facts tend to show that defendant's employees were not careless, but on the contrary that the injuries claimed by plaintiff were received by reason of plaintiff's carelessness and negligence." The court made an order relieving defendant from default, and permitting the proposed answer to stand, on payment of $10 costs. Four days later the costs not having been paid, plaintiff moved to vacate the previous order. The court denied this and plaintiff appeals.

The affidavit of defendant's attorney states that the answer was prepared in due time and that he had given directions that it be served and supposed, until after the time expired, that it had been served. It is sufficient to excuse the default.

The proposed answer and the affidavit of defendant's attorney were a sufficient showing of merits.

The statute provides that the court in its discretion may permit a party to answer after the time limited. The court may not arbitrarily either grant or refuse such relief, but must act in the exercise of judicial discretion. And, to the end that a defaulting defendant may not trifle with the court, it is required that he shall in some manner, in good faith, make a showing of facts, which if established will constitute a good defense. Frasier v. Williams, 15 Minn. 219 (288). Sound practice requires, as a showing, something more than an unverified answer or unverified statement. The most satisfactory showing of merit is the well recognized affidavit of merits. The statute does not require an affidavit of merits. The rules of the district court do. More than 40 years ago, in Sheldon v. Risedorph, 23 Minn. 518, this court, through Chief Justice Gilfillan, said that the district court on an application such as this, addressed to the court, not as a matter of strict right, but as a matter of discretion, "may excuse a party from formal compliance with its rules," that the waiver of a rule of court on such an application is "as much matter of discretion as anything in the application." In that case there was a defective affidavit of merits. It was said that the court below might, had it seen fit, have denied the motion because of the defect in the affidavit of merits, but that it saw fit to disregard the defect, and its action is final. This decision has been many times followed. It was cited with approval in Crane & Ordway Co. v. Sauntry, 90 Minn. 301, 96 N. W. 794, where it was said that the rule requiring an affidavit of merits "is

one of practice, and the sufficiency of an affidavit of merits, or the necessity for one, where it fairly appears from the records and papers upon which the motion is based that the moving party has a good  *  *  * defense on the merits, is a question for the trial court."

In the many cases of this character that have come before the court, there may be found fragmentary statements seemingly inconsistent with these principles, but we think none will be found which in fact departs from these principles, and we adhere to them.

In application of these principles it has been held that an affidavit of merits may be dispensed with, where there is an answer, verified upon knowledge, People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; Forin v. City of Duluth, 66 Minn. 54, 68 N. W. 515, or where defensive facts are set forth in an affidavit of one having knowledge, McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338, or where the conduct of the other party shows weakness in his case, as where he set up a counterclaim in excess of the demand in the complaint, and then, proving up for default of reply, abandoned the excess and took a judgment of dismissal, Crane & Ordway Co. v. Sauntry, 90 Minn. 301, 96 N. W. 794, or where, at least in case of a corporation which must act through agents, an affidavit is made by an attorney who has investigated the case, though the affidavit is defective in not stating that he has personal knowledge of the facts, or the source of his knowledge of the facts upon which his belief is based, Forin v. City of Duluth, 66 Minn. 54, 68 N. W. 515. The decision in the Forin case seems to us to quite cover the case at bar. The statement in Selover v. Streckfus Steamboat Line, 136 Minn. 426, 162 N. W. 518, that an affidavit of merits "as a general rule is necessary in applications of this character" was not intended to overrule the decisions above cited. The showing made in that case was not within any of the decisions above cited.

Order affirmed.