GEORGE R. O'BRIEN v. HARLAN J. KEMPER.

149 N. W. (2d) 487.

March 17, 1967—No. 40,295.

*Saliterman, Notermann & Goldfarb* and *Roberta K. Levy,* for appellant.
*G. D. Tallard,* for respondent.

NELSON, JUSTICE.

This case comes before us on an appeal from a judgment on the pleadings entered on behalf of plaintiff and from orders denying motions by defendant to vacate the order directing entry of the judgment and the judgment itself and to permit him to interpose an answer.

The action was brought to recover $3,500, the balance due on a note executed and delivered by defendant to plaintiff March 15, 1963, and payable 1 year after date. The note represented the balance due on the

purchase price of a property which plaintiff deeded to defendant upon receiving a payment of $5,000 in cash and the note. There was no other writing connected with the transaction nor any mortgage taken to secure the balance of the purchase price. Defendant made one $1,000 payment on the note on October 15, 1964, at a time when the note was 7 months overdue.

Plaintiff commenced this action in the Hennepin County District Court July 25, 1965. On August 10, 1965, plaintiff's attorney, upon the request of defendant's attorney, extended the time to file an answer in the action until August 30, 1965. It appears that on August 20 defendant's attorney was taken ill and hospitalized.

On August 30 plaintiff gave notice to defendant's attorney of expiration of the time to answer and of his intention to enter a judgment for the balance due. Plaintiff then garnished defendant's wages. On September 7, 1965, defendant secured the services of a second attorney who represented him in obtaining and filing a surety bond for more than twice the amount made subject to garnishment, whereupon the court ordered the garnishment released. On September 9, 1965, defendant's first attorney was released from the hospital and on September 14 made service of defendant's answer upon plaintiff. Paragraph 3 of the answer alleged fraud as follows:

"For an affirmative defense, the defendant alleges and says that the defendant was induced to sign said note by false and fraudulent misrepresentations on the part of the plaintiff."

Defendant's allegation of fraud was limited to the foregoing statement. He made no application for leave to answer and did not serve and file affidavits of merit, as required by District Court Rule 22 (Minn. St. 1965, p. 5258).[1]

Plaintiff by written motions and notice of motions served upon the defendant informed him that he would move the district court at a special

---

[1] The Minnesota District Judges Association in 1965 added to Rule 22 the requirement that the party "state with particularity the facts relied upon as a defense." See, Bench and Bar of Minnesota, Vol. 22, No. 9, September 1965, p. 27.

term October 1, 1965, to strike defendant's proposed answer and counterclaim, since no further extension had been granted and no motion had been made by defendant for leave to answer; to strike paragraph 3 of the answer and the counterclaim on the grounds that they had not stated the charge of fraud with particularity,[2] were insufficient as a defensive pleading, and were insufficient as legal process and service; and to grant plaintiff judgment on the pleadings. After the hearing thereon, the court, the Honorable John A. Weeks, granted plaintiff's motions on November 16, 1965. An ex parte application made by defendant for a 30-day stay of entry of judgment was granted.

In a lengthy memorandum accompanying the order granting plaintiff's motions, the court stated in part:

"It is clear that the purported allegations of fraud must be stricken for failure to comply with M.R.C.P. 902:

" ' In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with *particularity*. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.' (Emphasis inserted.)

"Pursuant to this rule, and the practice that preceded its adoption, it has been held that even when the occasion of fraud * * * has been pleaded in detail, unless there is a particular allegation of specific representations the count is open to attack by motion. Alho v. Sterling, 266 Minn. 71, 122 N. W. 2d 869 (1963); Parrish v. Peoples, 214 Minn. 589, 9 N. W. 2d 225 (1943)."

The court took the position that when the fraud allegation of the purported responsive pleading was stricken nothing remained in the answer and counterclaim except the admission of the execution and nonpayment of the note sued upon and that plaintiff's motion for judgment on the pleadings was therefore timely and proper and should be granted under Rule 12.03, Rules of Civil Procedure, which reads as follows:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on

---

[2] See, Rule 9.02, Rules of Civil Procedure.

such motion, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The authors' comments on Rule 12.03 in 1 Youngquist & Blacik, Minnesota Rules Practice, p. 359, state in part:

"The rule expressly authorizes such a motion. Rule 12.08 provides that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may be made by motion for judgment on the pleadings. The place of hearing the motion will still be governed by M.S.A. 545.02, as expanded by the provisions of Rule 77.02.

"The demurrer having been abolished, the objection of failure to state a legal defense will usually be made with a motion for judgment on the pleadings. See Comment 3 under Rule 12.02."[3]

The court further determined at the hearing on the foregoing motions that defendant, having failed to answer or otherwise respond within the time allowed by the rules and the voluntary extension granted by plaintiff, was in default in answering the complaint and therefore not entitled to answer or counterclaim without compliance with District Court Rule 22, which provides in part as follows (Minn. St. 1965, p. 5258):

"(a)   In all cases where application is made for leave to amend a pleading or to answer or reply after the time limited by statute or rule, or to open a judgment and for leave to answer and defend, such application shall be accompanied with a copy of the proposed amendment, answer or reply, as the case may be, and an affidavit of merits and be served on the opposite party.

"(b)   In an affidavit of merits made by the party the affiant shall state

---

[3] See Rule 8.04, Rules of Civil Procedure, which provides: "Averments in a pleading to which a responsive pleading is required, other than those as to amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

with particularity the facts relied upon as a defense or claim for relief, that he has fully and fairly stated the facts in the case to his counsel, and that he has a good and substantial defense or claim for relief on the merits, as he is advised by his counsel after such statement and verily believes true, and he shall also give the name and address of such counsel.

"An affidavit shall also be made by counsel, who shall state therein that from the showing of the facts made to him by the party he verily believes that such party has a good and substantial defense or claim for relief on the merits."

The court also stated in its memorandum:

"Although demanding these written affidavits has been characterized as discretionary with the district court, Grady v. Maurice L. Rothschild & Co., 145 Minn. 74, 176 N. W. 153 (1920); Crane & Ordway Co. v. Sauntry, 90 Minn. 301, 96 N. W. 794 (1903), this characterization has not made it discretionary with the party in default."

In Crane & Ordway Co. v. Sauntry, 90 Minn. 301, 302, 96 N. W. 794, this court held:

"The general rule is that in applications to vacate a judgment on default an affidavit of merits is essential. [Citation omitted.] The rule, however, is one of practice, and the sufficiency of an affidavit of merits, or the necessity for one, where it fairly appears from the records and papers upon which the motion is based that the moving party has a good cause of action or defense on the merits, is a question for the trial court."

In Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 176 N. W. 153, we said:

"* * * The rules of the district court require an affidavit of merits in such a case, but the court may waive this requirement, if it fairly appears from the record that the defendant has a good defense on the merits."

We have taken note of the fact that in the instant case the judgment sought to be vacated is a judgment on the pleadings. We agree with the trial court that the generalized allegations are clearly insufficient to raise the issue of fraud.

The most recent case dealing with the issue here involved is Vrooman Floor Covering Inc. v. Dorsey, 267 Minn. 318, 126 N. W. (2d) 377. In the Vrooman case plaintiff appealed from an order granting a motion by defendant to vacate a default judgment. We pointed out that the rules governing the opening of a default judgment as set forth in Rule 60.02, Rules of Civil Procedure, had theretofore been construed in Johnson v. Nelson, 265 Minn. 71, 120 N. W. (2d) 333. We also said in the Vrooman case (267 Minn. 320, 126 N. W. [2d] 378):

"* * * Although there is always some prejudice inherent in delay, whether or not it is substantial prejudice we need not decide since in our opinion the record is barren of any showing whatever that defendant has a reasonable defense on the merits."

In reversing the order setting aside the default judgment, this court stated (267 Minn. 322, 126 N. W. [2d] 379):

"The mischief of needlessly protracting litigation by the device of interposing a sham pleading is underscored in this case. Defendant has had a period of at least 16 months within which to investigate the facts, interview witnesses, and take discovery depositions. Nevertheless, at oral argument his counsel now acknowledges he can produce no evidence to support what is at best mere conjecture that the bankrupt's debt may have been paid by someone else. No other defense, with or without merit, has been advanced.

"Although recognizing that because trial courts have broad discretion in opening default judgments appellate courts will not ordinarily interfere with a policy of liberality in granting such motions, we hold that it was here error to grant defendant's motion. *In the instant case there is neither an affidavit of merits, a verified answer, nor any suggestion in the record, the briefs, or oral argument that defendant intends to do more than put plaintiff to his proof. Under these circumstances, the motion should have been denied.*" (Italics supplied.)

After the court granted plaintiff's motions, defendant's third attorney, who had been asked by the first to associate with him, notified plaintiff that on November 26, 1965, defendant would move the court to vacate

the order for judgment and to permit defendant to serve and file an answer. Defendant thereafter postponed the hearing on this motion to December 9 and again to December 15, 1965. Defendant's attorneys did not appear on that date, so the motion was stricken from the calendar. It was heard December 17, 1965, and on the same day denied by the Honorable Donald T. Barbeau.

In support of the motion, defendant's first attorney and defendant presented affidavits of merit and his attorneys offered a proposed but unverified answer and counterclaim. There was no allegation of fraud in the answer, but a specific denial of paragraph 4 of plaintiff's complaint.[4]

In the proposed counterclaim defendant alleged that plaintiff had made certain false representations upon which defendant had relied to his damage. These representations had not been stated in the first counterclaim. The damages sought in the second also varied from those demanded in the previous counterclaim. The proposed answer also pleaded failure of consideration of the entire contract as an affirmative defense and plaintiff's failure to remove rubbish from the property as a setoff.

In so far as the setoff is concerned, it is nothing more than a counterdemand which defendant holds against plaintiff, if it in fact exists, arising out of a transaction extrinsic of plaintiff's cause of action — that is, a money demand independent of and unconnected with plaintiff's cause of action, a counterdemand upon which, ordinarily, a defendant, at the commencement of the action, might have maintained an independent suit.[5] Pleading of a setoff generally admits plaintiff's cause of action. See, Delco Light Co. v. John LeRoy Hutchinson Properties, 99 Fla. 410, 128 So. 831 (concurring opinion); Marks v. Spitz (D. Mass.) 4 F. R. D. 348, 350; Otto v. Lincoln Sav. Bank

---

[4] That paragraph reads as follows: "That demand has been made and the debt acknowledged in writing and Defendant failed and refused to pay, according to its terms."

[5] On the difference between counterclaim and setoff, see Savings Bank of New London v. Santaniello, 130 Conn. 206, 210, 33 A. (2d) 126, 128; Black, Law Dictionary (4 ed.) p. 1538. See Rules of Civil Procedure, Rules 13.01 to 13.07, on counterclaim and cross-claim.

of Brooklyn, 268 App. Div. 400, 402, 51 N. Y. S. (2d) 561, 563; Armstrong v. Marr, 120 Neb. 182, 231 N. W. 758; Cook v. Soden, 12 N. J. Misc. 337, 339, 171 A. 558, 559.

Judgment was entered by the clerk December 21, 1965. Defendant made an attempt to obtain its vacation, this time through his fourth attorney, who moved for an order "vacating and setting aside all orders and judgments heretofore entered" and permitting defendant to interpose an answer to the complaint. There was no allegation of fraud set forth in the proposed answer, in fact, only a denial of paragraph 4 of the complaint (as had been pleaded in the proposed answer submitted to Judge Barbeau), preceded by admissions and followed by a qualified general denial. Again defendant pleaded a setoff, increasing the amount of the demand above that of the prior setoff. His counterclaim was extensive and differed from the counterclaims proposed twice before. Defendant pleaded false and untrue representations and warranties made by plaintiff to induce the purchase of the real estate involved, characterizing the same as fraud and deceit, and alleged his reliance thereon to his damage. While rather detailed affidavits of merit on the part of the defendant and his attorney were filed, the proposed pleading was again submitted without verification by defendant.

Defendant's motion to obtain a vacation of the judgment was heard on January 24, 1966. The court, the Honorable Douglas K. Amdahl, denied the motion as follows:

"Upon all the files, records and proceedings herein, and upon the arguments of counsel, and it appearing to the Court that this same motion had been determined by the Hon. Donald T. Barbeau on December 17, 1965,

"It Is Hereby Ordered that defendant's motion be, and hereby is, in all things denied."

Judge Amdahl also filed the following memorandum:

"The Court is of the opinion that this matter was actually heard and disposed of by the Order of Judge Barbeau dated December 17, 1965. The mere circumstance that defendant has employed other counsel is not

sufficient ground for further hearing, and he should not be permitted to extend time for appeal by further, almost identical motions which involved the same issues as heard previously."

▮ In one of the early cases which came before this court, Sheldon v. Risedorph, 23 Minn. 518, plaintiff appealed from an order setting aside a judgment entered against defendant upon his failure to answer and granting him leave to answer. Defendant below had moved upon a notice of motion, proposed answer, and affidavit excusing failure to serve the answer in time and swearing to the merits. In affirming the order, Mr. Chief Justice Gilfillan said (23 Minn. 520):

"The granting of an application of this kind rests in the sound discretion of the court below, which cannot be reviewed unless there is an abuse of it; and in an application addressed to it, not as a matter of strict right, but as a matter of discretion, it may excuse a party from formal compliance with its rules. That, on such an application, is as much matter of discretion as anything in the application. The court below might, had it seen fit, have denied the motion because of the defect in the affidavit of merits; but it saw fit to disregard the defect, and its action is final.

"To justify a reversal of an order granting leave to answer, on the ground that the proposed answer is insufficient, the insufficiency must be such that, had it been served in time, it would have been struck out on motion."

When plaintiff's motions came before Judge Weeks, the answer served upon the plaintiff after the time to answer had expired was clearly insufficient to the extent that if it had been served in time it would have been properly struck out on motion. Under the circumstances the court's order granting plaintiff's motion for judgment on the pleadings was clearly proper. The decision in Sheldon v. Risedorph, *supra,* was approved in Grady v. Maurice L. Rothschild & Co. *supra,* where we noted that the Sheldon case has been followed many times.

While the Rules of Civil Procedure do not require that a pleading be verified or accompanied by affidavit, except when otherwise specifically

provided by rule or statute,[6] defendant failed to comply with District Court Rule 22 in attempting to serve his answer.

We held in Peterson v. W. Davis & Sons, 216 Minn. 60, 11 N. W. (2d) 800, that an affidavit of merit is unnecessary if the proposed answer shows merit and is verified on personal knowledge. Here, however, the answer was not verified, and neither defendant nor his attorney made an affidavit of merit.

We also held in the Peterson case that a proposed answer so devoid of merit that it would have been stricken out on motion cannot be used as a basis for opening a default judgment; and that upon a proposed answer lacking merit and in the absence of a showing of justification or excuse for delay, it is an abuse of discretion for the trial court to open a default judgment and permit defendant to answer. It was said in the Peterson case, citing Forin v. City of Duluth, 66 Minn. 54, 68 N. W. 515 (216 Minn. 67, 11 N. W. [2d] 804):

"As we view the entire record, it indicates to us that defendants were endeavoring to delay, if not entirely to avoid, the payment of a just obligation. If an answer is so bad that it would have to be stricken out on motion, the court is justified in refusing to use it as a basis to open a default judgment."

The initial answer and counterclaim, unverified and without any supporting affidavits of merit in the case at bar, having in effect been such an answer, it follows that there is no justification for vacating the order for judgment on the pleadings or the judgment entered pursuant thereto, even though applications accompanied by late affidavits on the merits are thereafter made and submitted. This court will not interfere with the exercise of discretion on the part of the district court except in cases where such discretion is clearly abused. This, of course, has in mind that the exercise of discretion in such a case is not capricious or arbitrary. The record as a whole discloses a reasonable and legal exercise of discretion in this case.

Affirmed.

---

[6] See, Rule 11, Rules of Civil Procedure.

Mr. Justice Peterson, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.