CARRIE E. SAWYER, DEFENDANT IN ERROR, v. CLAR-
ENCE T. VAN DEREN, PLAINTIFF IN ERROR.

Submitted December 10, 1906—Decided March 26, 1907.

In an action brought to recover the proceeds of the sale of plaintiff's
interest in certain real estate, the declaration was upon the com-
mon counts, and the plea interposed was the general issue only.
*Held*, that under this plea the defendant cannot set off a counter-
claim arising out of an independent transaction.

On error to the Supreme Court.

The case was tried at the Essex Circuit, before Chief Jus-
tice Gummere and a jury, and verdict was found for the
plaintiff.

For the plaintiff in error, *McCarter & English.*

For the defendant in error, *Jerome D. Gedney.*

The opinion of the court was delivered by

VROOM, J. This action was brought by the plaintiff against
the defendant for money had and received. The declaration
was upon the common counts, having thereto attached a bill
of particulars of the plaintiff's claim. The plea of the de-
fendant was the general issue alone.

It appeared that the plaintiff and one Galloway owned, as
tenants in common, a factory property in the town of Harri-
son, in Hudson county. This property they jointly leased to
the New Jersey Tube Company by a lease dated March 1st,
1889. This lease contained an option giving to the tube com-
pany the right to purchase the premises described in the lease
at any time during the term granted for the sum of $25,000,
of which sum, $10,000 was to be paid to Charles T. Galloway
and $15,000 to the plaintiff, Carrie E. Sawyer. The annual
rent received was $1,000. The company exercised the option

and bought the property, and received separate conveyances from the owners.

The defendant, Van Deren, had arranged the lease of the premises to the tube company and collected the rents. Out of this he paid the taxes, assessments, insurance and his commissions. The balance he paid, as it appeared, to the plaintiff. The plaintiff's interest was five-ninths and Galloway's four-ninths.

The defendant, as the agent of the plaintiff, prepared the deed for her interest in the property, went to her residence at Moore, Pa., where she resided, and she there executed the deed. It was then intrusted to the defendant, who gave his receipt, wherein it was recited that the deed was to be delivered to said company upon payment by them of a certified check to the order of plaintiff for the sum of $15,319.42.

The defendant had from time to time paid to the plaintiff the net rents of the property, so that when he came to make a division of the moneys received from the sale there was due to Mr. Galloway the sum of $365.01 for his share of said rents, which, with interest, amounted to $408.81, and this sum the defendant claimed the right to set off against the claim of the plaintiff.

The learned trial justice in his charge stated that the amount with which the defendant was chargeable was $15,227.37, that being the amount which had actually been collected by him. There was no dispute made as to allowance of the credit of $14,050.50 remitted to plaintiff by check, and of the allowance of the sum of $344.89 paid on account of taxes of 1903. The other credits claimed by the defendant were properly submitted and passed upon by the jury, excepting the item of $408.81, which represented the amount aforesaid paid by the defendant to Galloway for his share of the rents which had been paid by him to the plaintiff in excess of her share. The trial justice, in referring to this claim in his charge to the jury, said that it was not a matter in dispute embraced in this issue: "If Mr. Van Deren had a right to set off against this amount of money an obligation which he was entitled to enforce against Miss Sawyer, arising out of his payment to

Mr. Galloway, * * * he does not set up that right in this case, and therefore it is not involved in the case, and cannot be determined by your verdict." Counsel for plaintiff, at the close of the charge to the jury, made the following request to charge: "If the defendant, at plaintiff's request, had overpaid her any rents due her, he was justified in withholding from money in his hands, which he had collected for her account, the amount of such overpayments, and remitting the balance, and the plaintiff in this action can only recover from the defendant such amount as *et aequo et bono* belongs to her from the defendant." Upon the refusal of the court to so charge, an exception was prayed.

The assignments of error relied upon were based upon the portion of the charge above quoted, and the refusal to charge as requested as to the justification in withholding the moneys overpaid.

The question involved in the case is within a very narrow compass. The plaintiff having brought an action for money had and received, to which the plea was the general issue, can the defendant, without having given notice of set-off, claim to be allowed for the moneys by him paid to Galloway upon the ground that the plaintiff had been overpaid her share of the rents.

I do not think the correctness of the law, as laid down in 25 *Am. & Eng. Encycl. L.* 492, and cited by defendant, will be disputed: "Upon common-law principles a defendant is in general entitled to retain or claim by way of reduction all payments made by him and all just demands and allowances accruing to him in respect to the same transaction or account which forms the ground of action. These defences are clearly distinguishable from set-off, for they do not admit that the demand sued for is just, but, on the contrary, attack the plaintiff's claim itself, and urge matter to defeat it, or at least reduce the plaintiff's demand on account of some matter connected therewith."

The limitation, it will be perceived, as to the right to retain or claim by way of reduction payments made is confined strictly to those relating to the same transaction. The suit

here was to recover moneys due the plaintiff on the sale of her interest in the land sold the tube company. Manifestly there was a right and claim by way of reduction for the taxes paid to the town of Harrison, the commissions on sale of the property, and the charges and expenses of the deed, and the jury properly so found, but it was only because those claims were all in respect to the same transaction or account which formed the ground of action.

I do not understand that the leading case of *Dale* v. *Sollet,* 4 *Burr.* 2133, while sustaining the abstract proposition of law as stated in the request to charge above mentioned, is in any way applicable to the claim made to offset the overpayment of rents made by the defendant. In that case the defendant, a ship broker, was the plaintiff's agent in suing for and recovering a sum of money for damages done to the plaintiff's ship, and did recover and receive £2,000 for plaintiff's use, and paid him all but £40, which he retained for his labor and service therein, and which a witness thought to be a reasonable allowance, and the jury found the defendant ought to retain the £40 as a reasonable allowance. Lord Mansfield, on rule to show cause, sustained the verdict. He said: "This is an action for money had and received to the plaintiff's use. The plaintiff can recover no more than he is in conscience and equity entitled to, which can be no more than what remained after deducting all just allowances, which the defendant has a right to retain out of the very sum demanded. This is not in the nature of a cross-demand or mutual debt. It is a *charge,* which makes the sum of money received for the plaintiff's use so much less."

That this case is authority for the allowance by the jury, under the charge of the learned trial justice, of the items before mentioned is undoubted, for they cover just allowances permissible to be retained *out of the very sum demanded,* and, like the charge for labor and services in and about the recovery of the £2,000, allowable only because a part of the same transaction. But in what respect will it be claimed that an overpayment of rents made before the sale of the property had been had is a part of the same transaction as the sale?

It matters not whether defendant was misled by plaintiff as to the payment of the rents, or whether he deducted the rents overpaid to save himself from a suit at the hands of Galloway. Such overpayment was a matter in dispute between the parties and clearly not embraced in the issue in this case, and could only have been raised on a counter-claim against the plaintiff in the nature of a set-off. *Ball & Hill* v. *Consolidated Franklinite Co.*, 3 *Vroom* 102.

In other words, the collection and alleged overpayment of rents is an independent transaction from the sale of the property, and as a claim it is brought clearly within the definition of what constitutes a set-off in 25 *Am. & Eng. Encycl. L.* 488: "A set-off is a counter-demand, generally of a liquidated debt, growing out of an independent transaction, for which an action might be maintained by the defendant against the plaintiff."

And as stated by Saunders in 2 *Saund. Pl. & Ev.* 786, "a set-off means a cross-claim for which an action might be maintained against the plaintiff, and is very different from a mere right to a deduction from, or reduction of, his demand on account of *some matter connected therewith,* and which may be given in evidence under the general issue, such as payment on account," &c.

It seems very clear to me that the claim of the defendant for rent overpaid is an entirely independent transaction and the subject of a set-off, and the trial justice was correct in holding that under his plea of general issue the defendant had no right to set up this claim against the plaintiff.

I find no error in the record, and the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 15.

*For reversal*—None.