ROBERT A. COOK, PLAINTIFF-APPELLEE, v. CLARENCE SODEN, DEFENDANT-APPELLANT.

Submitted January term, 1934—Decided March 23, 1934.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the plaintiff-appellee, *James Mercer Davis.*

For the defendant-appellant, *Jay Tomlinson.*

Per Curiam.

This is an appeal from a judgment of the District Court of Burlington county in which the jury, by direction of the court, returned a verdict in favor of the plaintiff and against the defendant for the sum of $319.29.

The plaintiff's demand alleges that he was the defendant's servant and agent, in charge of the operation of the defendant's gasoline station in the city of Bordentown, and that during the term of his employment he deposited all the moneys received from sales in his own personal check account, for the benefit of the defendant and out of this same account paid the expenses of the business. The judgment directed in the plaintiff's favor represents the amount paid out by the plaintiff for the maintenance of the business in excess of the amount collected.

In reply to a demand that the defendant specify his defenses, there is pleaded a denial that any money was owed by the defendant to the plaintiff and a further statement that the plaintiff was not authorized to act as agent to purchase any supplies or expend any money for the benefit of the defendant.

The defendant appeals on the following grounds: That the trial court denied defendant's offer to show that the plaintiff had received a larger sum of money by way of receipts from the business than he alleged in his state of demand; that the court permitted to be read in evidence answers to interrogatories that concerned a different case in another court, as yet untried, between the same parties, and that the court improperly directed a verdict.

As to the first point, the state of case would indicate that the plaintiff sued on the proposition that as agent he had collected a sum in excess of $600 in receipts and that he expended for supplies and the like a sum in excess of $900, and claims a judgment for the balance.

The defense was a general denial and we gather from the record, which is not as clear as it might be, that the defendant sought to show, by cross-examining the plaintiff, two things— that the plaintiff had received more in receipts from the business than he alleged and that he had expended less than he alleged.

We make two observations at this juncture which seem to us pertinent. First, that the intended examination was proper cross-examination and should have been permitted and, second, that under the plea of general issue it was improper for the court to disallow questions, the answers to which might tend to show that the defendant was not indebted to the plaintiff at all or that he was not indebted to the plaintiff in the amount claimed, by showing either that the receipts which the plaintiff alleged or the expenditures made were not correct. The court proceeded upon the theory that the defendant was endeavoring to show moneys received by the plaintiff in other transactions unrelated to the conduct of this business and that a counter-claim or set-off should have been pleaded. As we read this record, the intended questions were directed at the transactions involved in this litigation and should have been allowed. Where the plea interposed is the general issue, the defendant cannot, under this plea, set-off a counter-claim arising out of an independent transaction. *Sawyer* v. *Van Deren,* 74 *N. J. L.* 673; 66 *Atl. Rep.* 396; 25 *Am. & Eng. Encycl. L.* 492. A set-off generally admits the plaintiff's cause of action and urges a counter demand that had its origin independently of the act sued upon so that the amount of the claim shall be reduced by the amount set off, or even that the defendant may have an affirmative judgment for damages if the set-off is valid and exceeds the amount originally claimed by the plaintiff. It is really a counter or cross-action and does not defend against the merits of the claim which the plaintiff

makes. The defendant here was attacking the plaintiff's claim, as we view this case, and it was error for the trial court to have prevented the defendant from pursuing his course.

As to the second point, the appellant complains that it was error for the court to permit to be read in evidence answers to interrogatories filed in a suit, in another court, which suit was as yet untried. The state of case seems to indicate that the evidence now complained of was contained not in answers to interrogatories but in a bill of particulars. The appellee, in his argument before the trial court, refers to the challenged evidence as being contained in a bill of particulars. We have no way of knowing which it is. However, it is plain that the answers to interrogatories, if offered by the party proposing them, shall be taken as evidence in the case in which they are part of the proceedings. See section 140, Practice act; 3 *Comp. Stat.*, p. 4097.

There is of course a marked difference between a bill of particulars and interrogatories and answers. The former is not verified, the latter must be. Interrogatories and answers thereto are evidential only in the case to which they relate and in which they are proposed. By the same token, the bill of particulars relates only to the pleading of which it is explanatory and to which it is a limitation. It was error for the trial court to have received such evidence in this case. That evidence was foreign to the action before the trial court, and it was for the conduct of that other case that these particulars or answers to interrogatories, whichever they may be, were obtained.

The last point, as to whether or not this plaintiff deposited $100 to the credit of the defendant, requires no particular discussion. It is sufficient to say that from the record before us whether or not this item was placed by the plaintiff to the credit of the defendant was a fact question. The deposit slip proved nothing. It was not the best evidence. It didn't explain where this money came from or whose it was, or, in fact, that it had ever been deposited.

The judgment under review will therefore be reversed and a *venire de novo* awarded, costs to abide the final outcome.