## Isaac N. Cummings & Mary Cummings *vs.* John Taylor.

### March 25, 1874.

**Motion for Judgment on Pleadings—Counterclaim.**—The answer in this case setting up a counterclaim,—*Held,* that the plaintiffs' motion for judgment on the pleadings was properly denied.

**Verdict must be General or Special.**—The verdict of the jury in this case—*held* insufficient, as being neither a general nor special verdict, within the definition of § 217, ch. 66, Gen. Stat.

Action commenced in the district court for Fillmore county, and tried before *Page*, J., and a jury. A motion of plaintiffs for judgment on the pleadings, notwithstanding the verdict, or for a new trial, was denied, and they appealed to this court.

*J. Q. & J. D. Farmer*, for appellants.

*H. R. Wells*, for respondent.

Berry, J. The complaint alleges that Mary Cummings, being owner in fee of certain premises, and in the occupancy thereof jointly with her husband, Isaac N. Cummings, said Isaac, "with the knowledge, consent and wishes" of the said Mary, agreed to sell, and did sell, the same to defendant for $9,000, to be paid as specified in a written instrument, executed by and containing the contract between the parties,

and that under and by virtue of such contract, defendant took and has ever since retained possession of the premises. The complaint further alleges due performance or readiness to perform on the part of said Isaac, and a failure to perform on defendant's part. This action is brought for the purpose of foreclosing defendant's rights under the contract, of ejecting him from the premises, and restoring the plaintiffs to the possession thereof, and also for the recovery of damages for withholding possession of the same. Defendant's answer admits that he has not fully performed the contract on his part, but alleges that he was induced to enter into the same by false and fraudulent representations of the said Isaac, and that upon his discovery of the falsity and fraud, and upon his demand that on account thereof the contract be rescinded, said Isaac agreed to changes and modifications of the contract in substantial respects, both as to his own obligations and those of the defendant thereunder; that said Isaac has failed to perform his obligations under the contract as thus changed and modified, and that in consequence of all this, defendant has been damaged in the sum of $4,420, being the amount paid by him, in land and personal property, toward the purchase price of the premises in controversy. Defendant prays that, as a condition of the foreclosure of his rights under the contract, plaintiffs be adjudged to pay him said sum of $4,420, or that he have judgment against plaintiffs jointly for that sum, and for general relief. Plaintiffs replied, denying, or confessing and avoiding the important allegations of the answer.

The jury by which the action was tried rendered the following verdict:

(TITLE OF ACTION.)

"In the above entitled action, we, the jury, find that the plaintiffs shall have and retain all the property delivered to them by defendant, under the contract set forth in the pleadings in said action, and that the defendant shall retain possession of and have the Mill property, described in said pleadings, provided that the plaintiffs shall have ownership

and possession of said Mill property, upon payment by them, the said plaintiffs, to him, the said defendant, of the sum of $2,416.66, at any time within one year after November 18, 1873." The premises heretofore mentioned are the Mill property referred to in the verdict. Upon the coming in of the verdict, the plaintiffs moved for judgment on the pleadings, notwithstanding the same, and also for a new trial on account of the insufficiency of the verdict.

As defendant's answer set up a counterclaim, to wit: "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiffs' claim, or connected with the subject of the action," (Gen. Stat., ch. 66, § 80; *Barker* v. *Walbridge*, 14 Minn. 469,) the motion for judgment on the pleadings was properly overruled. Whether the counterclaim can be sustained, to the full extent to which it is set up or attempted to be set up in the answer, is a question which is not before us at this time.

As to the motion for a new trial: a verdict is defined by section 217, ch. 66, Gen. Stat., as follows: "The verdict of a jury is either general or special. A general verdict is that by which they pronounce generally, upon all or any of the issues, in favor of the plaintiff or defendant. A special verdict is that by which the jury find the facts only, leaving the judgment to the court: it shall present the conclusions of fact as established by the evidence, and not the evidence to prove them; and those conclusions of fact shall be so presented as that nothing remains to the court but to draw from them conclusions of law." No comment is required for the purpose of showing that the so-called verdict of the jury in this case is neither a general nor a special verdict, within the definition of the statute. It is rather in the nature of an award of arbitrators, or of a decree in chancery. For its total insufficiency, the new trial asked for should have been granted.

With reference to any new trial which may be had, it is proper to be observed that this is not a case which should be submitted *generally* to a jury, as it was on the trial which

has already taken place. It is a case triable by the court, under § 199, ch. 66, Gen. Stat., in which "specific" questions of fact may be tried by a jury or referred. It is perhaps hardly necessary to add that a *specific* question is a question specified, *i. e.*, distinctly stated. *Berkey* v. *Judd*, 14 Minn. 394.

Order denying new trial reversed.