ANTON MAHNE v. AMERICAN FRATERNAL UNION, FORMERLY JUGOSLOVANSKA KATOLISKA JEDNOTA, OTHERWISE KNOWN AS SOUTH SLAVONIC CATHOLIC UNION.[1]

December 31, 1943.

No. 33,532.

[1]Reported in 12 N. W. (2d) 615.

*Charles T. Wangensteen,* for appellant.
*Stone, Manthey & Carey,* for respondent.

HOLT, COMMISSIONER.

The action was brought by plaintiff to recover $1,000 of defendant, a fraternal insurance company incorporated under the laws of this state. There was an amended complaint and answer, and a reply. Defendant moved for judgment on the pleadings. The motion was granted. From the judgment, plaintiff appeals.

Defendant maintains a juvenile insurance department and an adult department. In the former, certificates are issued upon the lives of children less than 16 years of age. The monthly premium is 15 cents. The juvenile certificate may be exchanged for an adult certificate when the child insured. becomes 16 years old, and so continues until the child reaches the age of 18 years and for 30 days thereafter. Hereinafter plaintiff will be referred to as Anton, Sr. and his insured child as Anton, Jr. Anton, Jr. was born September 12, 1921. His insurance was issued October 8, 1923, and he continued to be such member in good standing until his death. On October 8, 1939, Anton, Jr. was instantly killed in an automobile collision.

Plaintiff pleads waiver and estoppel in various ways; but, insofar as these are conclusions of law, they are ineffectual on a motion for judgment on the pleadings. He alleges that it was the custom and practice of defendant's local lodges to transfer or exchange the juvenile certificate for an adult certificate; that the secretary of Lodge 30, to which plaintiff belonged, promised plaintiff that he would let plaintiff know when Anton, Jr. would be of age for transfer or exchange of his juvenile certificate for an adult certificate, but failed to do so. There is no allegation that the juvenile

certificate was left with the secretary, or that the secretary was informed of the adult certificate desired. It is provided in the by-laws of defendant that if the adult certificate desired does not exceed the sum of $500 no medical examination is required; but if in excess of that amount a medical examination must be had.

The last sentence of Minn. St. 1941, § 64.10 (Mason St. 1927, § 3456), reads:

"* * * Neither the person who originally made application for benefits on account of the child, nor the beneficiary named in the original certificate, nor the person who paid the contributions, shall have any vested right in the new certificate, the free nomination of a beneficiary under the new certificate being left to the child so admitted to benefit membership."

It seems to us that the quoted sentence from our statute, applicable to defendant, bars recovery. Anton, Jr. never nominated a beneficiary. Anton, Sr. was prohibited from so doing. Anton, Jr. never selected the certificate or policy he desired. No adult certificate was ever issued by defendant, nor did Anton, Jr. ever request it or surrender his juvenile certificate or request the issue of an adult certificate in exchange therefor. The juvenile certificate was a term life insurance contract. So would the adult certificate have been if issued. Term life insurance contracts cannot ordinarily be created by waiver or by estoppel. It is only after such a contract is in existence that waiver or estoppel may affect its performance or enforcement.

The trial court in the memorandum attached to the order said:

"I am of the opinion that the rules creating waiver of conditions contained in life insurance policies referred to in the memoranda submitted by counsel for plaintiff are not applicable to the situation which existed under the admitted allegations of the pleadings. Without restating them, those rules, in general, relieve the insured or the beneficiary from the effect of noncompliance with conditions of the policy, where such noncompliance is due to conduct of agents of the insurer, for which the insurer is held liable, either because

of having conferred apparent authority, or having ratified the conduct in question, or because of estoppel. But the waiver is availed of to permit recovery under an existing contract whose terms are claimed to have been violated. No case cited by counsel deals with the claimed right to have a policy issued which it is claimed should have been issued but was not because of the conduct of the insurer's agent. On the other hand, the case of Pinske v. Garfield Farmers' Mutual Fire Insurance Co., 197 Minn. 444, 267 N. W. 263, supports defendant's contention in this regard. The waiver which is discussed in plaintiff's memoranda relates to conditions of existing contracts, not to provisions relating to the formation of the contract. The distinction between the two is pointed out in the dissenting opinion in the case of Rein v. New York Life Ins. Co., 210 Minn. 435, at page 445 [299 N. W. 385, at page 389]. Here, in order to have obtained an adult certificate for $1,000.00 it would have been necessary for Anton, Jr., to select the type of policy, of which several were issued by the society; to submit to a physical examination; and to designate a beneficiary, who would not necessarily have been the plaintiff. Plaintiff's counsel suggests the possibility that because of lack of a physical examination plaintiff would not be entitled to recover more than $500.00. Disregarding for the moment the fact that the action is brought on the theory that an understanding was had with the secretary of the local lodge, when Anton, Jr., became sixteen years of age, that an adult certificate for $1,000.00 would be issued when he became eighteen, which understanding is relied on as one of the chief elements of waiver, it would seem that if lack of physical examination precludes recovery for more than $500.00, lack of selection of the type of policy and designation of a beneficiary is just as effective to preclude recovery for any amount. Without any of these things having been done it is difficult to see how plaintiff can claim the benefit of a new adult certificate."

The trial court also cited the last sentence of Minn. St. 1941, § 64.10 (Mason St. 1927, § 3456), and considered it precluded any

recovery. We think there was no error in the court below, and the judgment is affirmed.

[1]Reported in 12 N. W. (2d) 625.