Bruce D. **MATTILA**, Respondent,

v.

**MINNESOTA POWER AND LIGHT COMPANY**, Defendant and Third Party Plaintiff, Respondent,

v.

**NATIONAL PAINTING & SANDBLASTING, INC.**, Third Party Defendant, Aetna Casualty and Surety Company, Plaintiff in Intervention, Appellants,

v.

**MINNESOTA POWER AND LIGHT COMPANY**, Respondent.

No. C8–84–1258.

Court of Appeals of Minnesota.

March 12, 1985.

Harry L. Munger, MacDonald, Munger & Downs, Duluth, for Bruce D. Mattila.

D. Edward Fitzgerald, Hanft, Fride, O'Brien, Harries & Bujold, Ltd., Duluth, for Minnesota Power and Light Co.

Donald C. Erickson, Johnson, Fredin, Killen, Thibodeau & Seiler, P.A., Duluth, for National Painting & Sandblasting, Inc. and Aetna Cas. and Sur. Co.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

PARKER, Judge.

Minnesota Power and Light Company (MP&L) and National Painting and Sandblasting, Inc. (National), entered into a contract for painting at one of MP&L's power plants. The contract contained an indemnity clause in favor of MP&L. One of National's employees was injured while working on the job, and he sued MP&L. MP&L sought indemnity from National under the contract clause.

The employee settled with MP&L before trial. National's insurer intervened, seeking to recover its workers' compensation subrogation interest from MP&L. A jury found the employee, MP&L, and National all negligent. The trial court ruled that MP&L was entitled to be indemnified under the contract's indemnity clause and barred the insurer's claim for recovery of workers' compensation benefits. We reverse in part and remand in part.

## FACTS

In 1979 MP&L and National entered into a contract for painting and related work at one of MP&L's power plants. Paragraph C–21 of the contract (the indemnity clause) provided in pertinent part:

> Except as may be caused by the sole negligence of Owner or Engineer [MP&L], Contractor [National] shall indemnify and save harmless Owner and Engineer from all claims, actions, demands and judgements [sic] of any kind arising in whole or in part from any act or omission of Contractor, his subcon-

tractors and his or their agents, servants or employees, incidental to the performance of this Contract and from all expenses in connection with such claims, actions, demands and judgements, and shall assume without expense to Owner or Engineer the defense of any such claims, actions, demands and judgements, irrespective of whether it is alleged, claimed or proved in connection with such act or omission that negligence of Owner or Engineer or their representatives caused or contributed thereto.

In 1980 respondent Bruce Mattila, an employee of National, was injured while performing work under the contract. As a result of his injuries, Mattila received workers' compensation benefits from National and its workers' compensation insurer, Aetna Casualty and Surety Company (Aetna). Mattila also commenced a negligence action against MP&L. MP&L began a third-party action against National, requesting indemnity pursuant to the contract clause, or contribution.

Before trial Mattila entered into a NAIG-type settlement with MP&L, settling all claims in excess of those covered by the workers' compensation act, for the sum of $75,000. Thereafter, Aetna intervened as plaintiff, seeking to recover workers' compensation benefits previously paid to Mattila plus future compensation benefits payable to Mattila. MP&L denied liability and claimed MP&L was entitled to attorney's fees and costs incurred in defending the Aetna action.

A jury determined that Mattila, MP&L, and National were all negligent. Thereafter, the court determined the contract clause allowed MP&L indemnity from National for the $75,000 it had paid to Mattila in the NAIG settlement, together with its attorney's fees in defending against Mattila's and Aetna's claim. The court also ruled the contract clause barred Aetna's claim.

## ISSUES

1. Does the indemnity clause contain an express provision requiring National to indemnify MP&L from damages for harm caused by MP&L's negligence?

2. Does the indemnity clause bar recovery of a workers' compensation subrogation interest from MP&L where it was partially negligent?

## ANALYSIS

### I

MP&L seeks indemnification for its own negligence; thus, the indemnity agreement is to be strictly construed. *See Farmington Plumbing & Heating Co. v. Fischer Sand and Aggregate, Inc.,* 281 N.W.2d 838, 842 (Minn.1979). "There must be an express provision in the contract to indemnify the indemnitee for liability occasioned by its own negligence; such an obligation will not be found by implication." *Id.*

Two recent Minnesota cases exemplify the difference between an indemnity provision that is express and one that is not. *See Ford v. Chicago, Milwaukee, St. Paul and Pacific R.R. Co.,* 294 N.W.2d 844 (Minn.1980), and *Johnson v. McGough Construction Co., Inc.,* 294 N.W.2d 286 (Minn.1980). In *Ford* a railroad sought contractual indemnity from a grain terminal for damages suffered by a grain terminal employee when a train struck a ladder on which he was working. The Minnesota Supreme Court held the following provision sufficient to grant indemnity to the railroad for the grain terminal's negligence but not for the railroad's own negligence:

> The [grain terminal] also agrees to indemnify and hold harmless the Railroad Company for loss, damage or injury from any act or omission of the Industry, its employes [sic], or agents, to the person or property of the parties hereto and their employes, and to the person or property of any other person or corporation, while on or about said track; and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally.

*Id.* at 846.

In *Johnson* a general contractor sought indemnity from a subcontractor for dam-

ages due to injury caused by the general contractor's negligence. The following subcontract provision was found to be an express provision indemnifying the general contractor:

> [T]he Sub-Contractor agrees to indemnify and save harmless the Contractor, his agents and employees from all such claims including without limiting the generality of the foregoing, claims for which the Contractor may be, or may be claimed to be, liable * * *.

*Id.* at 287.

 We hold that the contract clause in this case is merely a provision requiring National to indemnify MP&L for liability brought about by National's negligence. It clearly does not contain an express provision to indemnify MP&L for liability occasioned by MP&L's own negligence.

 In construing contracts, words must be given their plain and ordinary meaning. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 67 (Minn.1979). Here, National agreed to a broader duty to defend than to indemnify. It did not agree either to indemnify or to defend if the cause of the loss was the sole negligence of the owner. It is clear that the "irrespective clause" modifies only the provision in which National agrees to assume MP&L's defense of claims arising in part from National's negligence. Thus, MP&L is entitled to attorney's fees for its defense of Mattila's claim, but it is not entitled to indemnity for its own negligence.

## II

In view of our holding on the first issue, we remand to the trial court to reconsider Aetna's subrogation claim for contribution.

National also argued that the indemnity clause is a contract of commercial insurance and void as a matter of public policy, since MP&L is not a licensed insurer. Because of our holdings on the foregoing issues, we do not reach this issue.

## DECISION

The contract clause indemnifies MP&L only for liability brought about by National's negligence and not MP&L's own negligence. The contract clause does entitle MP&L to attorney's fees for its defense of Mattila's claim only.

Reversed in part and remanded in part.