NATIONAL HYDRO SYSTEMS, A
DIVISION OF McNISH COR-
PORATION, Appellant,

v.

M.A. MORTENSON COMPANY,
et al., Defendants,

HDR Engineering, Inc., Respondent.

No. C1–93–752.

Court of Appeals of Minnesota.

Oct. 19, 1993.

Review Granted Jan. 21, 1994.

Mark G. Ohnstad, Thomsen & Nybeck,
P.A., Edina, for appellant.

Rebecca Egge Moos, Bassford, Heckt,
Lockhart, Truesdell & Briggs, P.A., Minne-
apolis, for respondent.

Considered and decided by DAVIES, P.J.,
and FORSBERG and STONE,* JJ.

## OPINION

DAVIES, Judge.

The trial court granted summary judg-
ment, ruling that two indemnity provisions
created a circular obligation (plaintiff/appel-
lant subcontractor required, if it prevails, to
pay claim proceeds to defendant/respondent).
Not finding a circular obligation, we reverse
and remand.

## FACTS

The Metropolitan Waste Control Commis-
sion ("Waste Commission") awarded the gen-
eral contract for the expansion of a wastewa-
ter treatment plant to M.A. Mortenson Com-
pany ("Mortenson"). The Waste Commis-
sion also entered into an engineering con-

*Retired judge of the district court, serving as
judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn.Const. art. VI, § 10.

tract with respondent HDR Engineering, Inc. ("Engineering"), under which Engineering was to prepare specifications and approve drawings for the project. In the general contract, Mortenson agreed to indemnify the Waste Commission and Engineering for any claim arising out of Mortenson's or its subcontractors' work on the plant. There was no direct contractual relationship between Mortenson and Engineering.

Mortenson retained appellant National Hydro Systems ("Hydro") as a subcontractor to provide water clarifiers in accordance with Engineering's specifications. Engineering rejected Hydro's original design, causing Hydro to incur additional expenses to develop and implement a new design. Hydro brought separate claims against Mortenson and Engineering, seeking from Engineering compensation for costs allegedly arising from negligently prepared specifications, and charging Mortenson with nonpayment. Mortenson counterclaimed against Hydro for late delivery of equipment.

Two weeks prior to trial, Hydro and Mortenson entered into a settlement agreement and executed a *Pierringer* release. As part of the settlement, Hydro specifically agreed to defend and indemnify Mortenson if Hydro succeeded with its claim against Engineering and if Engineering then claimed indemnity from Mortenson. After this settlement, Engineering served Hydro with notice of a motion for summary judgment. Engineering claimed that the general contract requires Mortenson to indemnify Engineering for Hydro's claim against Engineering, and that the *Pierringer* release requires Hydro to indemnify Mortenson if Engineering wins indemnity from Mortenson. Engineering argued that the combined effect of the two indemnity provisions created a circuity of obligation requiring Hydro to indemnify Engineering for Hydro's own claim against Engineering.[1]

In granting Engineering summary judgment, the court agreed with Engineering's claim that the two indemnity provisions created a circuity of obligation that rendered Hydro's claim against Engineering pointless. Hydro appeals the summary judgment.

## ISSUE

Does the indemnification provision in the contract between Mortenson and the Waste Commission require Mortenson to indemnify Engineering for Hydro's claim against Engineering?

## ANALYSIS

■ When reviewing a trial court's grant of summary judgment, the function of an appellate court is to determine (1) whether there are any genuine issues of material fact, and (2) whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

■ The construction and effect of a contract, including the meaning of an indemnification clause, are generally questions of law. *Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn.1979). Questions of law are subject to a de novo standard of review. *Jadwin v. Minneapolis Star & Tribune Co.,* 367 N.W.2d 476, 483 (Minn. 1985).

The trial court concluded that (1) under the contract between the Waste Commission and Mortenson, Mortenson is required to indemnify Engineering for Hydro's claim against Engineering and (2) the indemnification provision of the *Pierringer* release obligates Hydro to indemnify Mortenson for Engineering's indemnification claim against Mortenson. Thus, the court ruled, the combined effect of the two indemnification provisions obligates plaintiff Hydro to indemnify defendant Engineering for any judgment Hydro might obtain against Engineering. We find error in step (1).

---

1. Hydro filed its motion in opposition to summary judgment on January 8. On January 11, the day trial was to begin and just seven days after notice of the motion was served, the district court heard and orally granted the motion for summary judgment. On January 12, Hydro moved for amended findings and a new trial.

The court issued a written order granting summary judgment on January 13, but stayed entry of that judgment for 15 days. The court heard Hydro's motions on January 26. On February 1, the court issued its amended order and judgment reaffirming summary judgment against Hydro.

Article 15 of the contract between Mortenson and the Waste Commission contains the following indemnification provision:

15.1 *OBLIGATION OF CONTRACTOR:* The CONTRACTOR shall indemnify and hold harmless and defend the COMMISSION and the ENGINEER * * * from and against all claims * * * which arise out of or result from performance of the WORK by CONTRACTOR and its employees, its Subcontractors, suppliers, material people, and other agents or consultants.

This indemnity provision cannot be read to require Mortenson to indemnify Engineering for Hydro's negligence claim to the extent the claim is against Engineering because Engineering is not one of Mortenson's "employees, its Subcontractors, suppliers, material people, and other agents or consultants." Further,

[i]ndemnity agreements are to be strictly construed when the indemnitee * * * seeks to be indemnified for its own negligence. There must be an express provision in the contract to indemnify the indemnitee for liability occasioned by its own negligence; such an obligation will not be found by implication.

*Farmington Plumbing & Heating Co. v. Fischer Sand & Aggregate, Inc.,* 281 N.W.2d 838, 842 (Minn.1979).

Thus, because Article 15 does not require Mortenson to indemnify Engineering for Hydro's claim against Engineering, Hydro cannot be obligated by the *Pierringer* release to indemnify Engineering based on a claim by Engineering for indemnity from Mortenson. That claim against Mortenson would fail. Accordingly, Hydro's claim against Engineering is not rendered futile.[2]

### DECISION

The trial court improperly granted respondent's motion for summary judgment.

**Reversed and remanded.**

---

2. Because we reverse the trial court's grant of summary judgment, we need not address appellant's assertion that the seven-day notice of the summary judgment hearing violated the ten-day notice required by Minn.R.Civ.P. 56.03. See footnote 1 for relevant facts.