COLLOTON, Circuit Judge,
dissenting.
In my view, a straightforward application of the Minnesota Supreme Court’s jurisprudence concerning indemnification clauses establishes that the 1989 agreement between Physical Distribution Services, Inc. (PDSI) and Miller Transporters, Inc., does not require PDSI to indemnify Miller for Miller’s own negligence. I would therefore reverse the judgment of the district court.
As the court acknowledges, Minnesota courts “strictly construe indemnification agreements that shift liability for the in-demnitee’s own negligence,” and an indemnification clause will be enforced only if it is “clear and unequivocal.” Ante, at 8 (citing Farmington Plumbing & Heating Co. v. Fischer Sand and Aggregate, Inc., 281 N.W.2d 838, 842 (Minn.1979) and Nat’l Hydro Sys. v. M.A. Mortenson Co., 529 N.W.2d 690, 694 (Minn.1995)). The Minnesota Supreme Court’s recent decision in Yang v. Voyagaire Houseboats, *463 Inc., 701 N.W.2d 783 (Minn.2005), shows what the Minnesota court requires to make an indemnification provision “clear and unequivocal.”
In Yang, the Minnesota court considered two indemnification clauses in a houseboat rental agreement. The clauses provided as follows:
I further agree at my cost and expense, to defend and save Voyagaire Houseboat[s] harmless on account of any and all suits or demands brought or asserted by reason of injuries to any person, persons or property whatsoever caused by the use or operation of said equipment while in my possession....
Renter shall indemnify and hold harmless Owner from and against all claims, actions, proceedings, damage and liabilities, arising from or connected with Renter’s possession, use and return of the boat, or arising at any time during the term of this rental.
Id. at 791 (alteration in original).
The Minnesota Supreme Court held the clauses unenforceable on two alternative grounds, one of which informs our analysis of this case. After concluding that the provisions were contrary to public policy, the Minnesota court determined alternatively that “the indemnification clauses are not enforceable because the language is not clear and unequivocal.” Id. at 791-92 n. 5. The court explained that “[s]trictly construed, the indemnification clauses do not contain language that (1) specifically refers to negligence, (2) expressly states that the renter will indemnify Voyagaire for Voyagaire’s negligence, or (3) clearly indicates that the renter will indemnify Voyagaire for negligence occurring before the renter took possession of the houseboat.” Id. The court also rejected the suggestion that “the requirement of clear and unequivocal language concerning the scope of the indemnification clause[s] applies only in the context of building and construction contracts.” Id.
The indemnification clause at issue in this case provides:
[PDSI] hereby indemnifies and saves M[iller] harmless from any and all claims, actions, or causes of action in any way relating to personnel assigned to M[iller], including, but not limited to, personal injury.
It follows from Yang that the language of this clause is insufficient to require PDSI to indemnify Miller for its own negligence. The clause does not contain language that refers to negligence, and it does not expressly state that PDSI will indemnify Miller for Miller’s negligence.
The majority believes that the broad language of the clause in this case, referring to “any” claim relating to “personal injury,” makes the indemnification clear and unequivocal. This would be a fine argument if we were interpreting a federal statute or applying a federal common law of contracts, but Minnesota law on indemnification clauses is to the contrary. The clauses in Yang included comparable language that referred to “any and all suits or demands brought or asserted by reason of injuries to any person,” and to “all claims ... arising from or connected with Renter’s possession, use and return of the boat.” Id. at- 791 (emphasis added). Yet the Minnesota court held that “the language” of the indemnification clause was “not clear and unequivocal.” Id. at 791-92 n. 5. The court’s holding did not depend on the sophistication of the parties, cf ante, at 9; it focused on the language of the contract. Nor did Yang depend on the fact that the indemnification clause extended to the indemnitee’s “prior negligence,” ante, at 9; if that were so, then the Yang court’s first two reasons for rejecting the indemnification agreement would have been superfluous.
*464 In effect, the Minnesota court has adopted a plain statement rule for indemnification clauses that purport to cover an indemnitee’s own negligence. To be effective, the clause must refer to negligence and must state expressly that the contracting party will indemnify the other party for its own negligence. Those elements are absent here, and PDSI is thus not required to indemnify Miller for personal injuries caused by Miller’s own negligence.
For these reasons, I would reverse the judgment of the district court and remand for further proceedings.